BAILEY *v.* STATE.*

(Division A.   May 31, 1926.)

[108 So. 497.   No. 25604.]

1. INTOXICATING LIQUORS. *Refusal of peremptory instruction and of instruction ignoring law authorizing punishment for persons who are accessories to felony was not error, where evidence showed defendant furnished still used in unlawful manufacture of liquor (Code 1906, section 1026 [Hemingway's Code. section 751]).*

    Where evidence showed defendant had furnished still used in unlawful manufacture of liquor, refusal of peremptory instruction and of instruction which ignored Code 1906, section 1026 (Hemingway's Code, section 751), authorizing punishment of persons · who are accessories to felony, was not error.

2. CRIMINAL LAW. *Admission of evidence obtained by unlawful search held not prejudicial, where defendant made no specific objection nor motion to exclude testimony, but obtained instruction eliminating it from jury's consideration.*

    In prosecution for unlawfully manufacturing liquor, ` admission of evidence obtained by unlawful search was not prejudicial, where defendant made no specific objection nor motion to exclude testimony, but obtained instruction eliminating testimony from jury's consideration.

3. INTOXICATING LIQUORS.

    Evidence as to operation of still and defendant's aiding and abetting therein *held* sufficient to warrant conviction for unlawfully manufacturing liquor.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 121, n. 6; 17CJ, p. 326, n. 80, 80 New.   Intoxicating Liquors, 33CJ, p. 617, n. 60; p. 778, n. 65; p. 787, n. 64; p. 790, n. 35; p. 791, n. 47.

APPEAL from circuit court of Tallahatchie county. HON. GREEK L. RICE, Judge.

C. W. Bailey was convicted of unlawfully manufacturing intoxicating liquors, and he appeals.   Affirmed.

*W. E. Stone* and *Wells, Stevens & Jones,* for appellant.

I. *The evidence was insufficient and the defendant was entitled to the affirmative charge.* The evidence on behalf of the state, taken at best, shows that the still was found in the swamps several miles from the defendant's home, and while there are some admissions in the testimony that the defendant owned the still or had knowledge of its presence there, and also some admissions that he had sugar, rye and kegs hauled to the still, yet there is no evidence to show that C. W. Bailey ever manufactured or distilled intoxicating liquors or that he ever operated it.

There may have been the utmost preparation and ability and the equipment and the actual intention, but all of these are insufficient. The state must prove beyond a reasonable doubt that Bailey actually *made* whiskey. The evidence is insufficient to show that Bailey ever made a drop of whiskey at this still. The officers found no liquor and there is no evidence that they captured any liquor which came from the still or which was made at the still, and accordingly the state failed to prove the crime charged.

It is barely possible that one, or more, of the tenants was operating the still on his own account. As emphasizing the argument here made, we are justified, we believe, in stating to the court that *de hors* the record, one of the tenants was separately indicted for the same offense here charged against Bailey, and that he plead guilty and was sentenced to two years in the state penitentiary and all of this at the same term of court at which Bailey was convicted. It is not enough for the state to show that a still was being operated by the tenants of Mr. Bailey with his knowledge; there must be active assistance. This court has put this question beyond controversy in *Stribling* v. *State,* 124 Miss. 141; and *Powers* v. *State,* 124 Miss. 425. Therefore, the defendant was entitled to the peremptory charge.

Closely connected with the first proposition argued is the failure of the state to show that any liquid found at the still was fit for use as a beverage or capable of being used as a beverage and, therefore, *Anderson* v. *State,* 95 So. 637, applies.

On the one fundamental question as to whether the peremptory charge should have been granted the defendant, we cite *Hughes* v. *State,* 96 So. 516 (1923), *Anderson* v. *State* (Miss.), 95 So. 637; *Parsons* v. *State* (Ala.), 104 So. 556.

II. *An attempt to manufacture liquor falls short of the actual consummation of the crime and any evidence of preparation in the case at bar is insufficient to support the verdict of guilty of manufacturing.* See *State* v. *Crawford,* 21 Ariz. 501, 190 Pac. 422; *Powell* v. *State,* (Miss.), 90 So. 625; *State* v. *Addo* (N. S.), 110 S. E. 650, 22 A. L. R. 219.

III. *The evidence admitted over the objection of the accused that liquors were found near the home of Bailey was prejudicial and constitutes reversible error.* This evidence was incompetent for two reasons. First, the finding of liquor in the cotton patch, or about fifty yards away in high weeds is insufficient to show that Bailey had possession. It is in evidence in this case that Mr. Sage was the actual overseer of the plantations and had charge of the tenants, and that Mr. Bailey was not seen except around the commissary and in the matter of settlements with tenants. Certainly, Mr. Bailey was not plowing the cotton patch where the liquor was found; and, certainly, he had no more possession of the cotton patch than did Mr. Sage or the tenant who was cultivating that particular field. *Johnson* v. *State,* 104 So. 352,

In the next place, it was also error to permit hearsay testimony on the part of several witnesses that they were told by a negro that Mr. Bailey said for them not to attend court. Again, this evidence was too remote to show

the guilt of Bailey on a charge of manufacturing liquor. The grand jury had not assembled and a great many of these parties being involved in the making and drinking of whiskey around there, very naturally discussed the question of what would be done by the grand jury, and any evidence even direct and positive that Bailey suggested to the tenants not to attend court at a time when he had not been indicted for the manufacture of liquor is too remote and too general to be introduced on the specific charge here under inquiry.

We submit further that any evidence, or damaging admissions or anything in the nature of a confession, was incompetent in this case because the state had failed to prove the *corpus delicti*. Compare the case at bar with *Kidd* v. *State* (Miss.), 102 So. 68.

IV. *The Instructions.* Instruction No. 2, as granted the state, is manifestly erroneous. In the first place, it undertakes to minimize portions of the testimony and to point out to the jury just exactly what portions of the testimony would justify them in convicting the defendant. It also authorizes the conviction of Bailey if anybody made liquor at the still, either at Bailey's instance or on their own account.

Instruction No. 3 is not applicable to the case at bar. It directs the jury that if the defendant was the owner of the still in question or that he had it under his control and aided, assisted, or abetted others, the jury might convict, if the defendant was never seen at the still. This instruction started out by making it immaterial whether the defendant owned the still or had it under his control. If the defendant did not own it, then there is no evidence in the record that he had it under his control. There is no evidence that it was situated upon land belonging to the defendant, and there is no evidence that he had it under his control unless he owned it.

The instruction is also erroneous in submitting to the jury the proposition that the defendant aided, assisted,

or abetted in the operation of the still. There is no testimony that the defendant either aided, assisted, or abetted anybody else in the actual operation of the still. If the defendant hired the road cut, he was not aiding anybody else, according to this record, but himself. If he owned the still, he was not aiding or assisting somebody else in owning it. If he employed somebody else to haul rye, sugar and kegs to the still, these were all acts of preparation and were not acts of operation or consummation. There is no evidence that any agent of Bailey's ever operated the still, and the instruction, therefore, assumes what the evidence does not show beyond a reasonable doubt.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

I. *The evidence was sufficient to sustain a verdict of guilty.* The *corpus delicti* in this case was overwhelmingly proved by competent evidence. The *corpus delicti* was the fact that intoxicating liquors were manufactured. Defendant was charged with manufacturing liquors and this constituted an unlawful act against him. There is no way under the laws of this state that liquor can be lawfully made. Five or six witnesses testified that they were at the still when it was operating and making whiskey, and one of them testified that he drank some of the whiskey.

The admissions, confessions and statements against interests of the accused are admissible to aid in proving the *corpus delicti* provided the evidence *aliunde* the confessions is sufficient to prove that a crime has actually been committed. *Patterson* v. *State,* 127 Miss. 256.

There is no proof in the record that appellant was actually and personally present at any time when the still was being operated. In other words, the appellant was not present at the time the crime was being committed. The proof, however, demonstrates to a moral certainty

that he owned, controlled, managed and financed the still; that he had the road cut out, the pump put down, the still moved to the place, and materials and containers hauled to it; and that he provided for the taking care of the unlawful products of the still. He aided, assisted, abetted and encouraged the commission of the crime. He was properly indicted, tried and convicted as a principal. See section 751, Hemingway's Code; *Unger* v. *State,* 42 Miss. 642; *Wynn* v. *State,* 63 Miss. 260; *Dean* v. *State,* 85 Miss. 40; *Kittrell* v. *State,* 89 Miss. 666; *Osborne* v. *State,* 99 Miss. 410; *Cole* v. *State,* 4 So. 577; *Beck* v. *State,* 69 Miss. 217.

Counsel for appellant argue that this statute does not apply to a statutory crime. We think this contention is untenable. The *Kittrell case, supra,* was a liquor case and the court held that it applied in that case.

II. Appellant says, ''An attempt to manufacture liquor falls short of the actual consummation of the crime and any evidence of preparation in the case at bar is insufficient to support the verdict of guilty of manufacturing.'' This proposition of law is sound but not applicable to the facts in the case at bar because the testimony in this case shows clearly that the crime was consummated, and evidence of the preparations was, therefore, properly admitted to the jury and was competent.

III. It is argued that, ''The evidence admitted over the objection of the accused that liquors were found near the home of Bailey was prejudicial and constitutes reversible error.''

The search of Bailey's premises was made under a search warrant that on its face was good and valid. This testimony that Bailey had this large quantity of home-made whiskey in his possession was competent as tending to prove that he had made the whiskey. At the time this testimony was introduced counsel for defendant objected to its introduction on the specific ground that the

defendant was being tried for making liquor but no objection was made on the ground that it was secured without a valid search warrant.

Counsel for defendant in the court below made no motion to exclude this testimony. However, he did request and was granted an instruction telling the jury to disregard it. If the court erred in admitting this testimony, this instruction cured the error and the appellant cannot now complain.

The Stribling and Powers cases cited by counsel for appellant have no application to the facts in this case because in those cases the defendants were present at the still but did nothing towards manufacturing liquor. In the case at bar the defendant was not present, but was actively engaged in abetting and assisting in the commission of the crime.

The instructions for the state require the jury to find from the evidence beyond all reasonable doubt that intoxicating liquors were unlawfully manufactured and that the defendant aided and abetted in the manufacture of same before they would be authorized to convict. These instructions correctly announce the law and there was no error in granting them at the request of the state.

The instructions requested by the defendant required the jury to believe that the defendant was actually present and actively engaged in the commission of the crime before they would be authorized to convict. Under the law, as hereinbefore cited in this brief, this was not necessary and the instructions as requested were erroneous.

*W. E. Stone* and *Wells, Stevens & Jones*, in reply, for appellant.

The case for the state, boiled down, gets down to the bold assertion of counsel that if Bailey is shown to have owned the still and that anybody in the world made liquor at the still, then Bailey is guilty as charged. We challenge this statement of the law. The crime here

is a statutory offense and every element of the offense must be proved beyond every reasonable doubt and to a moral certainty. The mere fact that one is owner of a still is not enough to convict him of manufacturing liquor. The showing that defendant made all the preliminary preparations in the way of cutting a road, having rye and sugar hauled to the still, kegs placed there for use at the still, and that the still was fully set up, certainly would not be sufficient to convict anyone for the crime of manufacturing liquor. One party may own a still; entirely different parties may operate it. The state must show further that the criminal agent operating the still does so either as the agent for the owner or that the owner in some active way procures the criminal agent to operate the still either for the owner or jointly for the owner and the one who operates.

The Attorney-General cites the Kittrell case as authority for the proposition that one may be an accessory before the fact in a liquor case. That opinion deals with the sale of liquor, a misdemeanor, and not the manufacture of liquor; and the opinion in that case condemns an instruction to the effect that if a clerk in a merchant's store sells liquor, the merchant is guilty whether he knew of the sale or not. The case, therefore, on the particular point in discussion is direct authority for the appellant. See, also, *Snell* v. *State,* 13 Ga. A. 158, 79 S. E. 71, and *Tately* v. *State,* 15 Ga. 346.

This court has reversed for insufficiency of testimony in the following cases charging manufacture of liquor; to-wit: *Williams* v. *State,* 98 So. 107; *Williams* v. *State,* 98 So. 341; *Cook* v. *State,* 94 So. 161; *Crawford* v. *State,* 97 So. 534; *Anderson* v. *State,* 95 So. 637; *Hughes* v. *State,* 95 So. 516.

These authorities support our contention that the evidence in the case at bar falls short of the legal requirements.

Argued orally by *W. E. Stone* and *J. M. Stevens,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General for the state.

McGOWEN, J., delivered the opinion of the court.

Appellant was convicted in the court below on an indictment charging him with unlawfully manufacturing intoxicating liquors and sentenced to a term of three years in the penitentiary.

The proof by many witnesses examined in the court below disclosed that the defendant, C. W. Bailey, was never present at the still when liquors were being manufactured, but there is ample evidence to show that he aided and abetted in the manufacture of liquor by having a still (described as a two hundred-gallon still) hauled to the place where it was found by the officers. The still was fully set up, and, as described, had a steam boiler attached to a one hundred eighty or two hundred gallon kettle, and all the other accessories necessary to manufacture whisky; the pump from which water flowed was driven in the ground six or eight feet from the still; a tent was near by, within a few feet; there were eight or more sacks of sugar and eight or ten sacks of rye, more than twenty barrels of mash, some two or three barrels of beer, some fermenting and some ready to run, about one hundred empty charred kegs. This still was in a dense woods, on an air line about two miles from the home of Mr. Bailey; there being a path leading in practically a direct line to the still, and around the road, according to the officers, it was eight miles. There had been a freshly cut road to the still.

One witness testified to being present when the still was in operation and drinking some of the whisky. Several witnesses testified that defendant claimed to own a still, also that they had seen his still over in the woods before this officer's raid; defendant hired parties to cut a road through the dense forest to the place where

the still was located; that he hired them also to drive the pump that was found there, and paid for the labor employed in cutting the road and driving the pump in cash and groceries; that he hired one of the witnesses to haul the rye and sugar to the still; that he hired another witness to haul barrels from the still and put them in Blue Lake; that another witness was hired to haul the charred kegs for Bailey. The officer testified that the still had been used; charcoal and ashes were under the boiler, and evidence showed that the still was used about a week before this raid when the defendant was arrested on this charge. At the time of the raid, the still was in the same place where it was kept since Bailey had it placed there. He procured one of the witnesses to take care of thirty gallons of whisky for him for a few days; asked another witness to store whisky for him. It was shown that Bailey said, speaking of this still: "It took every cent I had to put the still back in operation."

It is not controverted that, from the time the raid was made and the still moved there, it had been in operation on several different occasions. It is also shown that the officers unlawfully seized some whisky found near his house, and afterwards he said to a witness: "Sam, I have some more whisky behind the house they didn't get."

The defendant asked for a peremptory instruction on the theory that, the state having failed to prove that Bailey was actually present at a time when whisky was being manufactured, he was entitled to be discharged. And the instructions asked for by the defendant indicated that it was his theory that he had to be actually present and that he would not be guilty even though he may have aided and abetted in the manufacture of whisky.

It was the state's theory that section 1026, Code of 1906 (section 751, Hemingway's Code), applied to this case. This section reads as follows:

"Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not."

Counsel for appellant seem to argue, or suggest to the court, that, because this felony charged here is a statutory crime, therefore the above statute does not apply. We cannot subscribe to that proposition in the light of the numerous decisions of this court and the plain language of the statute using the words "any felony," and in a misdemeanor our court has held that the party aiding and abetting in the commission thereof is indictable as a principal. *Kittrell* v. *State,* 89 Miss. 666, 42 So. 609; *Beck* v. *State,* 69 Miss. 217, 13 So. 835; *Wynn* v. *State,* 63 Miss. 260; *Unger* v. *State,* 42 Miss. 642; *Dean* v. *State,* 85 Miss. 40, 37 So. 501; *Osborne* v. *State,* 99 Miss. 410, 55 So. 52.

So we are of the opinion that the court did not err in refusing the defendant a peremptory instruction, nor did it err in refusing instructions which ignored section 751, *supra.* All the instructions given for the state correctly state the law. Instruction No. 1 is subject to criticism, but, taken in connection with the other instructions, there is no reversible error on account of the instructions given or refused.

Counsel complain of the evidence offered of the discovery of whisky by the officers near the home of Bailey obtained by unlawful search, because it is said the affidavit and search warrant were void. If there was any error in this behalf, counsel made no specific objection or a motion to exclude the testimony on that ground, but obtained the following instruction:

"The court instructs the jury that all testimony in this case, in reference to the whisky discovered upon the premises, by the officers, of the said Bailey, is eliminated therefrom, *and you shall not consider same in any respect in reaching a verdict."* (Italics ours.)

Upon this point the court seems to have acted in accordance with the desire and request of the defendant.

We think it is clearly shown that whisky was manufactured by the operation of this still belonging to Bailey, and that the defendant, aiding and abetting in its manufacture, and declaring that it had taken all his money to put this still "back in operation," amply warrants a conviction, and we find no reason for disturbing the verdict of the jury or the judgment of the lower court.

*Affirmed.*