WILLIAMS *v.* STATE.[*]

(Division B.   March 5, 1928.)

[115 So. 776.   No. 27076.]

1. CRIMINAL LAW. *Objection that witness' testimony was induced by certain promises by district attorney and others did not affect competency, but went to credibility and weight for jury's consideration.*

   Objection that state's witness' testimony was induced by promises of district attorney and other officers to be "lighter" on him, if he would tell truth, did not affect competency of testimony, but went to credibility and weight for consideration of jury.

2. INTOXICATING LIQUORS. *Evidence held sufficient to warrant conviction for manufacturing whisky.*

   In prosecution for manufacture of whisky, evidence *held* sufficient to warrant conviction.

[*]Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 693, n. 20; Intoxicating Liquors, 33CJ, p. 758, n. 80.

APPEAL from circuit court of Franklin county.

HON. R. L. CORBAN, Judge.

Lacy Williams was convicted of manufacturing whisky and he appeals. Affirmed.

*C. F. Coward*, for appellant.

Appellant was not made to confess and the circumstances attending the conviction in this case are not the same as condemned by the case of *Johnson* v. *State*, 107 Miss. 192. It is nevertheless a conviction resting solely upon a confession obtained by methods strongly condemned by this court and falls in that class of cases where the party confessing swears falsely because to do so is more promising of two alternatives. The witness Odell Williams told all the officers that other persons than appellant were connected with the still until after he had been threatened by the ex-sheriff and his former deputies and had been promised by the district attorney that his sentence would be lighter. The testimony of the witness Odell Williams was not competent and is wholly unbelievable, and coming after he had been promised a lighter sentence and after being threatened it would be a grave injustice to appellant to permit a conviction to rest on such testimony.

*Rufus Creekmore*, for the state.

If the testimony for the state is competent and is to be believed then the defendant, Lacy Williams, is guilty of the crime of manufacturing intoxicating liquors. *Bailey* v. *State*, 143 Miss. 210, 108 So. 497. Counsel for defendant, however, argues that this testimony was not competent. The basis for this argument seems to be that inasmuch as witness Odell Williams was promised that if he would tell the truth about the matter it would be lighter for him, that this was equal to a confession which was improperly obtained and, therefore, should be treated in the same manner as a confession. Counsel cites no cases in support of this argument and there are none to sustain it. Only two cases involving this proposition have

been passed upon by our court and both of them have held that such testimony is not incompetent, but on the contrary is competent; the fact that promises were held out or the witness intimidated going not to the competency of the testimony, but only to its weight before the jury. *Goss* v. *State,* 144 Miss. 420, 110 So. 208; *Stallings* v. *State,* 107 So. 890.

PACK, J. The appellant and Odell Williams were convicted, and sentenced by the court to a term of two charged jointly with the manufacture of whisky. Odell pleaded guilty. The appellant, Lacy Williams, was tried, years in the state penitentiary.

Odell, a boy seventeen years of age, was the stepson of appellant. It seems that the officers had been "after them" for some time. Prior to their arrest, appellant's home had been searched by the officers under authority of a search warrant, where signs of liquor were found. A "double bitted" chopping axe, observed at the home of appellant, was later found at the still. The still, where it is alleged the liquor manufactured was found, was about a quarter of a mile from appellant's home;- on Dr. Lofton's land. The still was located on an island; the officers having to wade through water to reach it. When found, the still was in operation, and two bottles of liquor were found thereat. Odell Williams was operating the still, and both he and appellant were arrested and placed in jail. It was in evidence that Odell, in the presence of appellant, told the deputy sheriff that the still and liquor belonged to the appellant; that he was operating it for him; and that three charges had been run, in two of which the appellant had assisted. Appellant made no reply to the statements so made by Odell.

Odell was introduced as a witness for the state, testifying that the still with all of its equipment and the liquor belonged to the appellant; that appellant erected the still; that appellant had helped make the whisky; and that he was working for him. Odell further testified that the appellant had tried to induce him to take the blame upon himself, and that he had promised to do so. On cross-

examination, Odell admitted making contradictory statements, but said he was now telling the truth, and he also admitted that the officers had promised to be "lighter" on him, if he would tell the truth.

Appellant took the stand in his own behalf, entering a general denial of all the testimony of Odell which tended to connect him with the crime. He further testified that Odell had formerly claimed that the still belonged to two white men.

The principal error assigned and relied upon for reversal is that the testimony of Odell Williams was incompetent. It is insisted that this testimony was induced by promises of the district attorney and other officers to be "lighter" on him, if he would tell the truth, and that testimony thus induced was thereby made incompetent. This objection does not affect the competency of such testimony, but it goes to its credibility and weight for the consideration of the jury. *Stallings v. State* (Miss.), 107 So. 890; *Goss v. State,* 144 Miss. 420, 110 So. 208. The testimony for the state was sufficient to overcome appellant's request for a directed verdict, and was sufficient to warrant a conviction. *Bailey v. State,* 143 Miss. 210, 108 So. 497.

The judgment of the court below is therefore affirmed.

*Affirmed.*