Moody *v.* State.

(Division B.   March 7, 1938.)

[179 So. 335.   No. 33078.]

J. B. Mayfield, of Poplarville, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Edgar Moody, jointly with Ben Wheat, Ralph Ferguson, and Carl Kennedy, was indicted on a

charge of grand larceny, description of the stolen cattle being set out in the indictment, with their respective values, the total amounting to $170.50. The appellant was granted a severance, tried before a jury, convicted, and sentenced to one year in the penitentiary; from which judgment he appeals.

It appears that on a given night the appellant, Wheat, Ferguson, and Kennedy loaded the cattle in question into a truck owned by Wheat, which truck loaded with cattle was intercepted as it was passing through Bogalusa, La., during the night by officers of that city who were watching for other parties charged with crime. When intercepted the appellant was driving the truck, and on being asked what he was doing with the cattle—afterwards identified as belonging to the various parties described in the indictment—he told the officers to ask Ferguson, who was sitting beside him; that Ferguson knew all about it. The truck containing the cattle, and driven by the appellant, had been followed by persons living in the community from which it came, who, seeing the cattle being loaded into the truck late at night, around one or two o'clock, as they testified, became suspicious. Wheat had left the truck before it reached Bogalusa. When the pursuers came to the Pearl River bridge, where the Bogalusa officers were stationed with a spotlight on the bridge, they identified some of the cattle. Wheat is a brother-in-law of the appellant, and the cattle had been loaded on the truck at Ferguson's premises. Wheat and Ferguson pleaded guilty, and then testified for the appellant that they did not disclose to him the fact that the cattle were stolen, but that Wheat procured the appellant to drive the cattle to New Orleans, and instructed Ferguson, in the presence of the appellant, not to take cash for the cattle, but to take a check and mail it back to the said Wheat; and that so far as they knew the appellant was not aware that the cattle were stolen. They further testified that nothing

was said between them and the appellant as to why the cattle were being loaded and moved in the night; and appellant testified that nothing was said in regard to the matter.

In the evidence before the state it was shown that cattle ran at large in the community from which this truck load of cattle was taken, being marked by the various owners; but it was not proved that the appellant knew the marks on these cattle.

It is suggested here that the proof is insufficient to convict the appellant. However, at the time of his arrest he was driving the truck, which had been loaded with the cattle at a late hour of the night, and was in possession thereof at the time. And since he was a brother-in-law of Wheat, confessedly one of the thieves, we think it was a question for the jury as to whether the appellant was a participant, with knowledge of the fact that the cattle were being stolen. The recent possession of stolen goods, or cattle, or other property, unless satisfactorily explained at the time, makes a prima facie case that the party in possession stole the goods or property. The circumstance that although the cattle were loaded at a late hour of the night, the appellant did not ask the reason, but took charge without any explanation being made, and the fact that he is a brother-in-law of one of the parties, and a neighbor of the others, all tend to show that he had knowledge of the theft. A person who takes charge of property in the night, and moves it out of the community, without asking for a reason or explanation for so doing, strongly indicates guilty knowledge. This is not a case depending upon circumstantial evidence, and the rule relied on by the appellant, in regard to evidence depending entirely on circumstances, is not applicable to the facts involved in this case.

Considering the facts stated, and drawing reasonable

inferences therefrom, as the jury were entitled to do, they are sufficient to sustain a conviction. The judgment will therefore be affirmed.

Affirmed.