# Hoke *v.* State

No. 40704          December 16, 1957          98 So. 2d 886

*Womack & Womack,* Belzoni, for appellant.

*G. Garland Lyell, Asst. Atty. Gen.,* Jackson, for appellee.

ARRINGTON, J.

The appellant, John A. Hoke, alias "Mutt" Hoke, was tried and convicted in the Circuit Court of Humphreys County for the crime of grand larceny and sentenced to five years in the State penitentiary, from which judgment he appeals.

The appellant was jointly indicted with Taylor Hoke for the crime of burglary and larceny for the breaking and entering into the warehouse of Turner-Allen Chemical Company, a partnership composed of W. H. Allen and others, and stealing therefrom 530 gallons of insecticide of the value of $1645.00. At the conclusion of the State's evidence, a peremptory instruction was granted Taylor Hoke.

The appellant assigns and argues a number of errors, first, that the State failed to identify the property found by the officers to be the property of Turner-Allen Chemical Company. Mr. Allen testified as to the property missing from the warehouse as charged in the indictment. The evidence for the State was that a number of the drums of insecticide were found in a potato house near the home of L. L. Hoke, father of the appellant and Taylor Hoke. Mr. Allen also testified that all of the poison was returned to him with the exception of six cans of DDT. His testimony was that the insecticide returned was the property of the partnership.

The appellant next argues that the State failed to prove the asportation of the property. The State introduced one Gildart Hamilton, who was indicted for receiving stolen goods in connection with the insecticide involved in this case. His testimony was that he had an agreement with the State that if he told the truth they would drop the charges. This witness testified that Taylor Hoke and the appellant approached him in the early part of February with reference to disposing of some boll weevil poison; that he and the appellant went so see Mr. E. G. Childs and sold him 30 gallons of poison, which was delivered to his home about midnight; that they later delivered to Mr. Childs a 55-gallon drum of Endrin, and that this was the property of the appellant; that he received two cans of insecticide as his pay for assisting in delivering the poison. Mr. Childs testified that Hamilton and Hoke came to his place and made the deliveries of the insecticide as testified to by Hamilton; that they delivered the poison at night; that the drum of Endrin was delivered Wednesday or Thursday night, and on the following Sunday it was picked up by the deputy sheriff. Childs testified that Hamilton told him the poison belonged to the appellant.

Deputy Sheriff Tharp testified that in addition to picking up the other insecticide he picked up one 55-gallon

drum of Endrin and one 30-gallon drum of DDT at Mr. Childs; that he brought the insecticide back to town and stored it in the warehouse of the Turner-Allen Chemical Company.

The appellant did not testify in his own behalf to explain the possession, nor was any other witness offered. It is well settled in this State that the possession of property recently stolen is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt of larceny. Lott v. State, 204 Miss. 610, 37 So. 2d 782; Haney v. State, 199 Miss. 568, 24 So. 2d 778; Moody v. State, 181 Miss. 277, 179 So. 535; Huddleston v. State, 220 Miss. 292, 70 So. 2d 621; Fletcher v. State, 168 Miss. 361, 151 So. 477.

The trial court gave the State an instruction as to larceny only as to the 55-gallon drum of Endrin of the value of $412.50. It is well settled that the granting of this instruction was proper. In Grimsley v. State, 215 Miss. 43, 60 So. 2d 509, it was held:

"As a general rule, where an indictment charges the theft of a certain number or quantity of things, the State may prove the theft of a greater number or quantity than that alleged, or even of a lesser number or quantity if the value of such number or quantity is sufficient to bring the crime within the grade of offense with which accused is charged."

In the case at bar the evidence is not contradicted that the warehouse was burglarized and the insecticides stolen. The presumption as to the possession of stolen property unexplained includes the element of asportation. Here, in addition to the presumption, we have the testimony of Gildart Hamilton and Mr. Childs which shows that the appellant had the exclusive possession and control of the stolen property. Mr. Allen testified that the stolen property was missed within a month or six weeks after the taking. In the case of Calhoun v.

State, 191 Miss. 82, 2 So. 2d 802, with reference to the recency of the possession, the Court said:

"It was held in Davis v. State, 50 Miss. 86, that the possession must be recent after the loss in order to impute guilt; and that this presumption is founded on the manifest reason that, where goods have been taken from one person, and are quickly thereafter found in the possession of another, there is a strong probability that they were taken by the latter. That where the goods are bulky or inconvenient of transmission, or unlikely to be transferred, a greater lapse of time is allowed to raise the presumption than where they are light or easily passed from hand to hand, because in the latter case the goods may come to the accused through many persons."

The appellant also argues that the court erred in admitting the testimony of Gildart Hamilton on the ground of the promise of immunity. This was not error. In the case of Williams v. State, 149 Miss. 681, 115 So. 776, the Court held that this evidence was competent and only went to the credibility and weight of the testimony which was for the consideration of the jury. Hinton v. State, 175 Miss. 308, 166 So. 762. Assuming for the sake of argument that Hamilton was an accomplice of the appellant, his testimony was not contradicted, was not improbable, was corroborated, and reasonable. Wright v. State, 54 So. 2d 735.

The appellant also argues that the verdict is against the overwhelming weight of the evidence. We do not agree. Moreover, this assignment is not well taken for the reason that it was not assigned as a ground in a motion for a new trial. Clark v. State, 206 Miss. 701, 40 So. 2d 591.

There are other assignments of error which we find to be without merit. We are of the opinion that the evidence was ample to support the verdict of the jury, and the judgment of the court below is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.