**Robert Elwood YOUNG, Petitioner-Appellee,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellant.**

No. 30272.

United States Court of Appeals, Fifth Circuit.

March 9, 1971.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., James M. Adams, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellant.

Jack Taffer, Alan E. Weinstein, Miami Beach, Fla., for petitioner-appellee.

Before BROWN, Chief Judge, PHILLIPS * and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

In this habeas corpus petition, pursuant to 28 U.S.C.A. § 2254, the court below granted the petition and ordered a new trial in the state court, 320 F.Supp. 80. The case was reviewed on appeal before the Supreme Court of Florida, State v. Young, 217 So.2d 567, and we

* Of the Tenth Circuit, sitting by designation.

quote therefrom the following as a statement of pertinent facts:

"The defendant, respondent here, was informed against and tried on a charge of breaking and entering with intent to steal. Some of the stolen property was on the seat of the car in which he was riding at the time of his arrest—in fact, it was the presence of the stolen property in the automobile, which had been observed parked near the burglarized premises, which led to the arrest of the defendant and his accomplice. More of the stolen goods were found in the trunk of the automobile. The defendant was interrogated later at the police station by the investigating officer in the presence of the owner of the burglarized premises and the stolen goods. During the interrogation the owner identified a gold wrist watch the defendant was wearing as being part of the stolen goods. After answering a few routine questions as to his identity and the like—falsely, as it turned out later—the defendant stated that he did not want to answer any more questions, whereupon the interrogation ceased. So far as is shown by the record, the accused made no other statements whatsoever to the police, either exculpatory or incriminating, prior to the trial. At the trial he did not take the stand nor adduce any other evidence in his own defense. The jury returned a verdict of guilty."

The appeal before us rests on the constitutionality of that portion of the trial court's charge on the inferences which may be drawn from possession of recently stolen property. Petitioner claims that his constitutional rights under the Fifth and Fourteenth Amendments, as defined in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were violated in that the jury charge involved inferences resulting from the petitioner's failure to explain his possession of recently stolen property. The disputed charge given by the trial court was as follows:

"The Court further instructs you that where it is known beyond a reasonable doubt that a building has been entered and property stolen therefrom, and soon thereafter the property is found in the possession of the person or persons charged with entering the building with intent to steal, such possession unexplained may warrant the inference that such person not only stole the goods, but that they broke and entered the building with intent to steal.

"The Court further charges you that when a building has been broken and entered without the consent of the owner and personal property is stolen therefrom and the property stolen or some portion thereof is found in the possession of the person charged with the breaking and entering with intent to commit a larceny therein, such possession without a reasonable and plausible explanation of lawful possession of the property or any portion thereof may be sufficient to warrant a verdict of guilty of breaking and entering a building with intent to commit larceny therein, but the guilt of the accused doesn't follow as a presumption of law from the unexplained possession of the property stolen. The presumption of guilt in such a case is one which you may infer as a matter of fact which you, the jury, are the sole judges of, and it is another circumstance which you may consider in connection with all the other facts and circumstances in the case which you believe to be true.

"The Court further charges you that the law does not require a defendant in a criminal case to take the witness stand and to testify and that if the defendant does not do so, you are not to indulge any presumption against the defendant by reason of such failure. The State must prove every element charged as to the exclusion of and beyond every reasonable doubt before you can find the defendant guilty."

The Fifth Amendment provides that no person shall be compelled to be a witness against himself. The charge does not compel it. In fact the charge, in the latter quoted portion, instructed that the defendant (petitioner) was not required to take the stand and testify. The instruction given in the earlier part of the quoted charge is a charge upon the inferences which "may" be drawn from the state of the evidence. It does not compel testimony but allows it.

The disputed charge is old in the law, although attacks have been made upon it in recent years. It was the point in dispute in United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), heard by the Supreme Court upon certiorari to the Fifth Circuit. *Gainey* involved the statutory presumptions, provided in 26 U.S.C.A. § 5601(a)(1), which may be drawn from presence at the site or place where, and the time when, the business of a distiller or rectifier was so engaged in or carried on, unless explained to the satisfaction of the jury, or court when tried without jury. The inference or presumption was held to be authorized and constitutionally permissible. The final paragraph of the majority opinion of *Gainey* cites McNamara v. Henkel, 226 U.S. 520, 525, 33 S.Ct. 146, 147, 57 L.Ed. 330, wherein the court approved a proceeding which did no more than "accord to the evidence, if unexplained, its natural probative force."

In United States v. Cook, 419 F.2d 1306 (5th Cir. 1969), another panel of this court, citing *Gainey*, denied similar claims by appellant Cook. Also, United States v. Andrews, 429 F.2d 574, 575 (5th Cir. 1970).

Petitioner ties his claims to *Miranda*, but we do not see that *Miranda* applies. Petitioner declined to answer questions during pre-trial interrogation. He made no statements, admissions or confessions and none were used against him at his trial. The prosecutor did not comment on his failure to testify or his failure to explain possession of stolen property.

We find no error in the charge quoted. It is proper and constitutional.

The judgment of the district court is reversed and remanded with instructions that the petition for the writ of habeas corpus be dismissed.