264 So.2d 890 (1972)
Mary Ann COOPER
v.
R.C. LAWSON.
No. 46552.
Supreme Court of Mississippi.
July 3, 1972.
McKoin, Zinner, Hawkins & Johnson, Biloxi, for appellant.
Page & Peresich, Biloxi, for appellee.
SUGG, Justice:
This appeal is from the Circuit Court of the Second Judicial District of Harrison County, Mississippi from a jury verdict for the defendant. Appellant sued for damages for breach of a contract based on the failure of appellee to complete repairs in a workmanlike manner on a house which appellant agreed to purchase from the appellee within the 45-day period provided for *891 in the contract, and the failure of the appellee to tender a deed to appellant.
Appellant assigns as error the following:
1. That the verdict of the jury is against the overwhelming weight of the law and the evidence.
2. The lower court erred in instructing the jury.
Appellee contends that assignment of error number one is not properly before the court because in the motion for a new trial made by appellant this ground was not assigned. The motion for a new trial states:
The verdict of the jury evinces bias, prejudice and passion.
In Clark v. State, 206 Miss. 701, 39 So.2d 783 (1949), suggestion of error overruled 206 Miss. 701, 40 So.2d 591 (1949), the Court stated that before a litigant can avail himself of the contention the verdict is against the weight of the evidence, it is essential that the contention be embodied in a motion for a new trial in the lower court and be passed upon by the trial judge. The reason underlying the rule is that a trial judge cannot be put in error on a matter which was never presented to him for decision. The case held that the rule applies in both criminal and civil cases and cited many Mississippi cases as authority. See also Gilmer v. Gunter, 46 So.2d 447 (Miss. 1950); Hoke v. State, 232 Miss. 329, 98 So.2d 886 (1957) and Colson v. Sims, 220 So.2d 345 (Miss. 1969).
In Colson, supra, Justice Rodgers, in a footnote to the opinion, listed examples of situations requiring motions for a new trial and in paragraph (3) of the footnote stated: "Motion for new trial must be made where it is contended that the verdict of the jury is against the overwhelming weight of the evidence."
We hold that the motion for a new trial as filed by appellant did not preserve for appeal the question of whether or not the verdict of the jury was against the overwhelming weight of the evidence.
We have carefully considered the three instructions complained of and find no error in granting these instructions. When they are read with all the instructions given both for appellant and appellee, the jury was properly instructed as to the law of the case.
We note that appellee offered to return to appellant all over $7,000 that he receives from a sale of the property involved in this case. This testimony was presented to the jury and no doubt had some influence on the jury in reaching their verdict. In view of the fact that the offer was made by appellee in his testimony before the jury, we are of the opinion that appellee should follow through on this offer.
Affirmed.
RODGERS, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.