SMITH, Justice:
Charles W. Engbrecht was convicted of burglary in the Circuit Court of the Second Judicial District of Jones County and sentenced to serve a term of five years in the penitentiary. From that conviction and sentence he appeals.
Three grounds are assigned for reversal.
The first involves a criticism of the wording of an instruction granted at the request of the State setting forth the rule with respect to the burden of proof resting upon it in circumstantial evidence cases. It is contended that the statement of the rule in this instruction was ambiguous, unclear and capable of confusing the jury. It is conceded that an instruction, correctly setting out the rule, was granted at appellant’s request. All of the instructions have been examined and it does not appear as a reasonable possibility that the statement of the rule, as it appears in the criticized instruction granted the State, was so confusing or ambiguous as to mislead or confuse the jury. The burden of proof which rested upon the prosecution was amply covered in a number of instructions granted at the request of appellant.
The evidence showed that a women’s apparel shop, the “Sassy Cat,” was broken into and its entire contents stolen. At about 7:00 on the morning of the day on which the burglary occurred, an employee of another nearby business firm observed a white panel truck, bearing a green license plate, its windows covered with newspapers, parked in front of the Sassy Cat. Thirty minutes later he noticed that the truck had departed and that the front door of the Sassy Cat stood open, contrary to custom. He called the police who found that the door had been broken open and the shop stripped of its contents “to the bare walls.” These facts and a description of the truck were broadcast over the Mississippi Highway Patrol radio network and, as a result, at about 8:30 appellant was apprehended, driving the truck, which was found to contain the goods and other articles stolen from the Sassy Cat. No question is raised here as to the legality of the arrest and search.
The second assignment also deals with an instruction granted at the request of the State. This instruction informed the jury “that the possession of recently stolen property unexplained may be considered by you along with the other evidence in the case, and if you believe from all the evidence, beyond a reasonable doubt, that the defendant is guilty . . . ” that it was the duty of the jury to find him guilty.
Before giving this or any jury instructions, the trial court heard counsel as to their objections to the instructions which had been requested by the opposite party, as required by Mississippi Supreme Court Rule 42. This rule is as follows:
WHEREAS, the judges of the circuit courts of Mississippi have adopted uniform rules of procedure for the circuit courts, and among those rules adopted is Rule 14 requiring attorneys to file jury instructions with the circuit clerk and to deliver copies of instructions proposed to be given the jury to opposing counsel before the trial. The rule further provides that attorneys are required to dictate their specific objections to an instruction offered, thus giving the trial judge an opportunity to pass upon the objections before the case is argued before the jury.
After considering the foregoing rule, we are convinced that it will aid in promoting better judicial procedure and should be implemented by this Court. It is, therefore, the rule of this Court that no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific *509 objection was made to the instruction in the trial court stating- the particular ground or grounds for such objection. However, in extreme cases this Court may raise an objection to a jury instruction in order to prevent manifest injustice. This rule shall take effect and be in force as to all cases tried after June 1, 1971.
ORDERED THIS the 1st day of April, 1971.
At this hearing, counsel for appellant interposed an objection to the above instruction, assigning as the ground for such objection (not pursued on appeal here) “that the possession of recently stolen property can only be used and considered by the jury where the crime of larceny is charged.”
The objection is now advanced, for the first time, that this instruction had the effect of forcing the defendant, in order to “explain” his possession of the stolen goods, to testify against himself, or to incriminate himself, contrary to the Fifth Amendment of the United States Constitution.
The possession of recently stolen goods is like any other circumstance in evidence, which, if unexplained, would point logically to guilt and from which the jury, as trier of fact, might reasonably infer guilt, if they chose to do so. As reasonable men, jurors must be assumed to attach to circumstances in evidence such significance as human experience has taught they deserve. The unexplained possession of recently stolen goods must be ranked in strength with the proverbial circumstance of the finding of a “trout in the milk” as being a circumstance pointing with great cogency to a particular conclusion. The instruction complained of told the jury no more than that this circumstance (unexplained possession of recently stolen property) “may be considered . . . along with all of the other evidence in the case” and authorized a verdict of guilty only if the jury should believe the defendant guilty beyond a reasonable doubt “from all of the evidence.” (Emphasis added). The argument advanced on this point unjustifiably assumes, among other things, that no explanation of the possession of goods recently stolen would be possible in any case except by the testimony of the accused himself. The jury could have, and reasonably would have, considered this circumstance whether the instruction had been given or not.
In 12 C.J.S. Burglary § 45 (1938) appears the following:
The State has the burden of proving possession by accused [of stolen property] to have been personal, recent, unexplained, and exclusive, in order to warrant .an inference of guilt. Some authorities hold that defendant’s unexplained possession of the fruits of a burglary makes a prima facie case against him affording a presumption of guilt [Millette v. State, 167 Miss. 172, 148 So. 788 (1933)], of a rebuttable character, and casts on defendant the burden of explaining such possession in such manner as is consistent with his innocence, especially where the fact of possession is coupled with other evidence tending to show guilt.
In Hoke v. State, 232 Miss. 329, 333, 98 So.2d 886, 887 (1957), this Court stated that:
It is well settled in this State that the possession of property recently stolen is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt of larceny. Lott v. State, 204 Miss. 610, 37 So.2d 782; Haney v. State, 199 Miss. 568, 24 So.2d 778; Moody v. State, 181 Miss. 277, 179 So. 335; Huddleston v. State, 220 Miss. 292, 70 So.2d 621; Fletcher v. State, 168 Miss. 361, 151 So. 477.
Young v. Wainwright, 320 F.Supp. 80 (S.D.Fla.1970), cited by appellant in sup *510 port of his contention that this type of instruction unconstitutionally compelled the defendant to be a witness against himself, was reversed by the Fifth Circuit Court of Appeals in Young v. Wainwright, 439 F.2d 426 (Sth Cir. 1971). In reversing that court stated:
The disputed charge is old in the law, although attacks have been made upon it in recent years. It was the point of dispute in United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), heard by the Supreme Court upon certio-rari to the Fifth Circuit. Gainey involved the statutory presumptions, provided in 26 U.S.C.A. § 5601(a)(1), which may be drawn from presence at the site or place where, and the time when, the business of a distiller or rectifier was so engaged in or carried on, unless explained to the satisfaction of the jury, or court when tried without jury. The inference or presumption was held to be authorized and constitutionally permissible. The final paragraph of the majority opinion of Gainey cites McNamara v. Henkel, 226 U.S. 520, 525, 33 S.Ct. 146, 147, 57 L.Ed. 330, wherein the Court approved a proceeding which did no more than ‘accord to the evidence, if unexplained, its natural probative force.’ (439 F.2d 426 at 428).
The witness, who had observed the truck as it stood in front of the Sassy Cat, had informed the officers, among other things, that it bore a green license plate, and this was one of the items of the description broadcast in the subsequent search for the truck. At the trial, in the course of the examination of a witness for the State, the following occurred:
Q. Was there a tag or license plate on that vehicle portrayed in those photographs at the time you photographed it?
A. No, sir, not at the time I photographed it.
Q. All right, do you know whether or not there had been a tag on that vehicle at the time you photographed it ?
A. There had been a tag on it. It had been removed by highway patrol investigators.
Q. Do you know why it had been removed ?
A. It was a stolen tag and truck—
At this point an objection was interposed and a motion was made for a mistrial. Thereupon, the trial court retired the jury and, after a brief discussion with counsel, sustained the objection. Counsel for both sides stated, in discussing the matter with the court, that the answer of the witness had not been responsive to the question. The court overruled the motion for a mistrial. No request was made that the jury be instructed not to consider the objectionable matter. In Brooks v. State, 242 So.2d 865, 869 (Miss.1971), this Court said:
The general rule is that in a criminal prosecution evidence which shows or tends to show that accused is guilty of the commission of other offenses at other times is not admissible, unless the other offenses are reasonably connected with that for which he is on trial. There is a substantial number of these exceptions. Evidence of other crimes is admissible to prove identity of the defendant, scienter or guilty or criminal knowledge, criminal intent or purpose, motive, a plan or system of criminal action where a continuing offense is charged, or where other crimes form a part of the res gestae. Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962); 29 Am.Jur.2d Evidence §§ 320, 321 (1967). The “acid test is its logical relevancy to the particular excepted purpose or purposes” for which the evidence of prior offenses is sought to be introduced.
At the time of the incident referred to, the witness who had photographed the truck, was in the course of identifying his photographs for the purpose of their introduction into evidence. In order to identify *511 the truck shown in the photographs as the one observed in front of the Sassy Cat, since the photographs showed no license plate on the truck at the time the pictures were made, it was logical and necessary to inquire whether there had been one and if it had been removed. While it is improper to burden the defendant with proof of separate and unrelated crimes, the circumstances were not such as can be reasonably supposed to have prejudiced the defendant on his trial. The court sustained the objection, as soon as it was made, and if requested, might have instructed the jury not to consider the statement of the witness. In the circumstances it was necessary to account for the absence of the license plate. It was not error nor an abuse of discretion to deny a mistrial.
The evidence of appellant’s guilt was strong and no prejudicial error was committed in his trial. The judgment of conviction appealed from must, therefore, be affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, SUGG and BROOM, JJ., concur.