Edward **CHARLES**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, Respondent-Appellee.

No. 72–1613.

United States Court of Appeals, Fifth Circuit.

May 29, 1973.

William J. Terry, Tampa, Fla. (court appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and INGRAHAM, Circuit Judges.

PER CURIAM:

In this habeas proceeding Appellant-Charles alleges that his conviction for breaking and entering of "The Little Brown Jug" in Brandenton, Florida, and the resultant 15-year confinement are illegal because (i) the Court improperly instructed the jury on the inference that may be drawn from possession of recently stolen property, (ii) notwithstanding the fact that the charge on the presumption to be drawn from possession might have been correct, Appellant did not have possession of the property, and (iii) that evidence of another crime was improperly admitted denying thereby a constitutionally fair trial. Agreeing with the District Court below that none of these contentions require that the State Court's judgment be vacated, we affirm.

Appellant's contentions (i) and (iii) require little comment. The charge on possession of recently stolen property does not deny Appellant's right not to be a witness against himself. See, Young v. Wainwright, 5 Cir., 1971, 439 F.2d 426 and United States v. Townsend, 5 Cir., 1973, 474 F.2d 209. *Townsend*, which discusses the field of permissible inferences from possession of recently stolen property, clearly dispels any doubt that an inference, such as was drawn in the present case, rests on a constitutionally "confident assurance that it is more likely than not" that a person possessing property taken during the break-in was the perpetrator of

the illegal entry. Appellant's contention (iii) is without merit.[1] We therefore consider whether Appellant had possession of the property.

Charles and a friend Alderman had been visiting diverse bars in the neighborhood of the break-in. Apparently they hoped that Mr. Alderman could make some money shooting pool but were unsuccessful at putting on a good "hustle". However, Mr. Alderman, at least, was successful in putting on a good drunk. Departing a service station shortly after midnight they headed toward the Little Brown Jug, where they had been earlier, but stopped three or four blocks short. Alderman deposited Charles on the curb and left the scene to secure a hamburger for himself. A half an hour or so later he returned and saw Charles about a block from where he left him. Charles got into the automobile with a sack in his hands. Alderman, however, did not see what was in the sack and did not see what Charles did with it after he got into the automobile. They drove to Nick's bar where Charles got out and Alderman laid out on the front seat of the car and passed out in an alcoholic stupor. When he was awakened by the police who were checking out the car he was arrested for being drunk in public.[2]

 Alderman consented to a search of his car. He testified that during the entire evening no person other than he and Charles had access to the automobile until the time the police arrested him. The search occurred some 12 hours after the arrest, with the automobile having been left on the street in front of the police station over night. It was, however, locked, Charles was arrested hiding in the bushes near the parked automobile at the same time that Alderman was in an alcoholic stupor and incapable of breaking and entering. The evidence does not raise even a serious possibility that the stolen property was in the possession of anyone other than Charles. Further, even without the inference from recently stolen property, the evidence was sufficient to support the conviction of Appellant.

Affirmed.

---

1. Appellant was arrested when he was apparently about to begin the perpetration of another breaking and entering. The facts of his arrest were clearly relevant to whether or not he possessed certain instruments and clothing used in the commission of the breaking and entering for which he was convicted.

2. The attempted break-in at Nick's bar was the extraneous crime for which Appellant alleges he was unconstitutionally tried—by the admission of evidence concerning its existence—at his trial for the illegal entry of the Little Brown Jug.