GRIFFIS, P.J.,
for the Court:
¶ 1. This negligence action resulted from an automobile accident. After a trial, the plaintiff now appeals the judgment and claims that the jury’s verdict was contradictory and the award of zero damages shocks the judicial conscience.
FACTS
¶ 2. On August 8, 2009, Debra Bartley-Rice was driving north on Interstate 55 in *1228 Madison County, Mississippi. She noticed the vehicle directly in front of her suddenly slammed on the brakes and swerved to avoid tire debris in the road. Bartley-Rice changed lanes and continued to travel northbound.
¶3. Judy Austin was also traveling northbound, behind Bartley-Rice. When Austin noticed Bartley-Rice change lanes, she attempted to change lanes as well. As she changed lanes, Austin collided with the vehicle driven by Idalan Haymon. Hay-mon then lost control of her vehicle and collided with the rear of Bartley-Rice’s vehicle.
¶ 4. Bartley-Rice was injured in the accident. She suffered a torn rotator cuff and a soft-tissue injury to her back and neck. She incurred over $40,000 in medical bills.
¶ 5. On August 5, 2011, Bartley-Rice filed a negligence action in the Madison County Circuit Court. In the complaint, Bartley-Rice named Haymon and Austin as defendants. The complaint asserted a claim for negligence as a result of the automobile accident and asked for damages. Both Haymon and Austin were uninsured. Therefore, Bartley-Rice’s complaint also named her insurance carrier, State Farm Mutual Automobile Insurance, and asserted a claim for uninsured-motorist coverage under her policy.
¶ 6. State Farm filed a motion to bifurcate the claims. The trial court granted State Farm’s motion and ordered Bartley-Rice to proceed to trial on her claims against Haymon and Austin. If a final judgment of liability and damages was entered in Bartley-Rice’s claims against Haymon and Austin, then such an award would be binding as to Bartley-Rice’s claim against State Farm, subject to the policy limits.
¶ 7. At the conclusion of the trial, the jury returned a handwritten general verdict that read:
We the jury conclude that the accident was unavoidable in any event, [a]nd returned a verdict for the defend[a]nts[,] Idalan[ ] Haymon and Judy Austin.
The amount of damages is 0.
The jury also returned a special verdict form. The jury answered ‘Tes” to each question that asked whether they found Bartley-Rice, Austin, and Haymon guilty of negligence that proximately caused Bartley-Rice’s damages. Further, the jury apportioned sixty-six percent of the fault to Haymon and Austin and thirty-three percent to Bartley-Rice.
¶ 8. The trial judge questioned the jury foreperson about the two verdict forms. The trial judge then confirmed that she viewed the two verdicts to be consistent and represent the same verdict. After the verdict was read, the trial judge questioned the intent of the jury and then polled each juror. The trial judge found the verdict was unanimous. After an exchange between the trial judge and counsel, there was no objection or request for further clarification of the jury-verdict forms before or after the verdict was read.
¶ 9. On May 14, 2013, the court entered a final judgment. On May 29, 2013, Bart-ley-Rice filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Then, on June 4, 2013, Bartley-Rice filed her notice of appeal.
ANALYSIS
¶ 10. Bartley-Rice has raised two issues in this appeal. First, she argues that the trial court erred when it failed to require the jury to clarify its verdict where the general-verdict form was in obvious conflict with the special-verdict form. Next, she argues that the jury verdict is unsupported by the evidence and evinces bias, prejudice, and passion by the jury.
*1229 ¶ 11. In response, Haymon, Austin, and State Farm argue the trial court may not be held in error because Bartley-Rice agreed that the trial court should not send the jury back and that the trial court should make the verdict conform by her order. In addition, they argue that Bart-ley-Rice failed to present this issue to the trial court and may not present this issue for the first time on appeal.
¶ 12. Before the verdict was read in open court, the trial judge addressed the verdict with all counsel at the bench, outside the presence of the jury:
Court: Let me see the attorneys at the bench.
Court: What the jury did, they completed the special verdict form and then they wrote out a verdict. And it’s not really contradictory, it ends up being the same thing. So I’m wondering, do you all want me to try to send them back?
Counsel for Haymon: I would just make it conform by your orders. Make it conform to—I don’t think they should redo it again, if it’s the same thing.
Counsel for Bartley-Rice: I don’t have a problem, if it’s consistent, I don’t have a problem with it. If it works out to about the same thing.
Court: The end result is the same.
Counsel for Bartley-Rice: Okay.
Court: Okay.
¶ 13. Next, before the verdict was read in open court, the trial judge questioned the jury foreperson and confirmed the jury’s intention that the two verdict forms “pretty much ... both mean the same thing.” The trial judge then read both the special-verdict form and the handwritten general-verdict form, and asked each juror if his or her verdict was represented.
¶ 14. After polling the jury, the trial judge noted, “We do have a unanimous verdict. The verdict will be recorded and filed.” Counsel for Bartley-Rice made no objection or request for further clarification of the jury verdicts after the verdict was read in open court and before the jury was dismissed.
¶ 15. It is well-settled law that Mississippi appellate courts will not review matters on appeal that were not raised at the trial court level. McKee v. Bowers Window & Door Co., 64 So.3d 926, 940 (¶ 42) (Miss.2011) (citations omitted). Specifically, where a party makes no objection to the form of a verdict returned by the jury, that party is procedurally barred from raising errors related to such on appeal. Thorson v. State, 895 So.2d 85, 100 (¶ 26) (Miss.2004) (citation omitted).
¶ 16. Based on our review of the record, we find no objection or challenge to the form of the jury’s verdict by counsel for Bartley-Rice. Based on the exchange between the trial judge and counsel that was cited above, we can find no issue as to the verdict raised by Bartley-Rice at trial.
¶ 17. In addition, the Mississippi Supreme Court has held that in order to raise the issue that the verdict is against the overwhelming weight of the evidence, “it is essential that the contention be embodied in a motion for a new trial in the lower court and be passed upon by the trial judge.” Cooper v. Lawson, 264 So.2d 890, 891 (Miss.1972).
¶ 18. Bartley-Rice failed to file a timely post-trial motion under either Rule 50 or 59 of the Mississippi Rules of Civil Procedure. The final judgment was signed on May 13, 2013, and filed on May 14, 2013. On May 29, 2013, Bartley-Rice filed a motion for a judgment notwithstanding the verdict (M.R.C.P. 50) or, in the alternative, a new trial (M.R.C.P. 59). Rule 50(b) and Rule 59(b) and (e) require that such motions must be filed within ten days of the “entry of a judgment.” Bart-ley-Rice failed to file such motions in a timely manner. Further, Bartley-Rice failed to bring either of these motions to *1230 the attention of the trial judge. On June 4, 2013, Bartley-Rice filed her notice of appeal.
¶ 19. Based on the authority cited above, we find that the issues addressed in this appeal are procedurally barred from our review. The judgment is affirmed.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ISHEE, . ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY JAMES, J.