PRINE *v.* STATE.

(In Banc.   April 13, 1942.)

[7 So. (2d) 555.   No. 34899.]

**O. C. Luper**, of Prentiss, and **T. B. Davis**, of Columbia, for appellant.

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellee.

728

Argued orally by **T. B. Davis**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant Joe Prine was indicted jointly with his father, T. M. Prine, in the Circuit Court of Jefferson Davis County for the murder of D. S. Evans. The father was tried first, convicted and sentenced to the penitentiary for life. He appealed from that judgment to this court and the judgment of conviction was affirmed. Prine v. State, 188 Miss. 147, 193 So. 446. Later the son was tried and convicted and sentenced to the penitentiary for life, from which judgment he prosecutes this appeal.

The state's testimony, if true, showed that appellant was attempting to murder the deceased Evans when Prine's father came up and took the job off of his son's hands and himself murdered Evans. There was little, if any, evidence tending to show that the killing was the result of pre-arrangement, either expressed or implied, between the father and son. Without such an arrangement between them the son is not responsible for the act of his father. Brabston v. State, 68 Miss. 208, 8 So. 326; Sullivan v. State, 85 Miss. 149, 37 So. 1006; 29 C. J., 1071.

It follows that the third instruction for the state was erroneous and misleading. It is in this language:

"The Court instructs the jury for the State that murder is the killing of a human being without authority of law, by any means or in any manner, when done with the deliberate design to effect the death of the person killed, and not in necessary self defense; and if you believe from all the evidence in this case beyond a reasonable doubt that the defendant, Joe Prine, in connection and conjunction with his father, T. M. Prine, so killed D. S. Evans, and that either one or the other was present and aided, abetted, or assisted in said killing or encouraged said killing in any manner, then you should find the defendant Joe Prine guilty of murder."

Whether the appellant was entitled to a directed verdict of not guilty is not passed on, because not raised in the court below.

Reversed and remanded.