HANEY *v.* STATE.

(In Banc. Feb. 11, 1946.)

[24 So. (2d) 778. No. 36030.]

**Earle L. Wingo** and **Dudley W. Conner**, both of Hattiesburg, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

To sustain the charge of grand larceny against the appellant, Houston Haney, for the alleged stealing of the $440 in question, the state was able to prove without dis-

pute that he was in possession of a $20 bill which the chief prosecuting witness, Roberta Jefferson, positively identified as having been among the 21 of such bills and 2 ten dollar bills that were stolen from her. This was sufficient proof to make out a case for the consideration of the jury, in view of the presumption of guilt which arises from the possession of recently stolen property, provided (1) that the proof is sufficient to establish that the money was in fact stolen; and (2) that the accused failed to give a reasonable explanation of his possession of such recently stolen property.

An examination of the evidence for the state clearly reveals, circumstantially, that the purse in which this money was contained had either been removed from the bosom of Roberta Jefferson while she was asleep and riding in an automobile between the accused and one Ollie Morgan, or had become unfastened from the clothing of Roberta and was picked up by the accused under such circumstances as would justify a jury in believing that he had come into the possession thereof stealthily.

There is nothing in the evidence that would warrant the belief that either the said Ollie Morgan or any of the occupants of the rear seat of the automobile had first gained possession of the money, since it is not claimed by the accused that he received it from either of them. In fact, it is the theory of the defense that on the afternoon of the preceding day that this $20 bill may have been delivered to the wife of the accused by Roberta Jefferson in payment of her rent, or by a soldier whom the defendant claims purchased some beer for Roberta during the previous evening with a $20 bill.

According to the testimony of Roberta Jefferson, the $20 bill in controversy was given to her by her husband while he was working for the railroad, and immediately prior to his being inducted into the military service, that her husband was killed in Germany about two months before the alleged larceny took place, and that she had placed his initials "C. H. J." on this "souvenir" $20 bill,

which she had in her purse on the occasion complained of. She reported this fact to the police officer prior to the arrest of the accused and they found it among the $20 bills, 16 in number, that were taken off the accused at the time of his arrest, along with currency and silver amounting to the total sum of $400.65.

The accused did not testify as a witness on the trial, but his wife undertook to explain his possession of this money by saying that immediately before his arrest she gave him her purse containing all of this money, and for the purpose of buying some hog feed. But, in view of the fact that Roberta Jefferson denied having delivered this $20 or any other $20 bill to the wife of the accused in payment of her rent on the previous afternoon, and denied that any soldier purchased any beer for her or was present at her apartment at any time during the period in question, there was presented for the decision of the jury the question as to whether any reasonable explanation had been made such as would account for the accused's possession of this $20 bill.

The trial court gave an instruction for the state which would clearly permit the jury to convict the accused of grand larceny if they believed from the evidence beyond a reasonable doubt that he had stolen the entire $440 in question. This instruction was properly given, but the jury was instructed on behalf of the accused that: "Since the testimony in this case shows that not more than $20, by circumstantial evidence, came into the possession of the defendant and identified by the prosecuting witness, you cannot, under the law, find the defendant guilty of a greater offense than that of petit larceny, . . ." This instruction for the defendant was erroneous, since the jury was entitled to believe from all of the circumstances that whoever stole the $20 bill which had been initialed had also stolen the remaining contents of the purse. While the two instructions are in conflict, the accused cannot complain of the giving of a correct instruction for the state, although it is not consistent with

the one given more favorable to the accused where the one given in favor of the accused is erroneous. George v. Los Angeles Railway Company, 126 Cal. 357, 58 P. 819, 46 L. R. A. 829, 77 Am. St. Rep. 184.

While it is the duty of the jury to obey the instructions of the court, a verdict should not be set aside where it is clear that they were guided in their conclusions by a correct instruction, and without regard to any erroneous instruction which was inconsistent therewith.

We are of the opinion that the conviction for the crime of grand larceny should be upheld, and that therefore the judgment of the trial court should be affirmed.

Affirmed.