McBroom *v.* State.

No. 39461 January 10, 1955 76 So. 2d 819

*James H. Adams,* Raymond; *John W. Prewitt,* Vicksburg, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant, G. T. McBroom, was indicted at the September, 1951 regular term of the Circuit Court of the Second Judicial District of Hinds County for the larceny of one white-faced, muley headed cow, branded "P" on the right hip, of the value of $135.12, the property of Mrs. Dave Falkenheimer. He was tried at said term and convicted and sentenced to a term of five years in the state penitentiary. He prosecuted an appeal to the Supreme Court, and on said appeal the judgment of conviction was reversed because of the granting of an erroneous instruction for the State, and the case was remanded for a new trial. McBroom v. State, 217 Miss. 338, 64 So. 2d 144. In reversing the case, the Court observed that the evidence on the part of the State was sufficient to sustain the conviction and that the same would have been affirmed but for the granting of said erroneous instruction. At the February, 1954 regular term of the Circuit Court of the Second Judicial District of Hinds County, the appellant was again tried on said indictment and was convicted and sentenced to a term of three and one-half years in the State penitentiary.

On this appeal, the appellant makes two main contentions: (1) That the proof is insufficient to show the venue of the crime in the Second Judicial District of Hinds County, and (2) that the evidence is insufficient to support the conviction. Both of these contentions relate to the sufficiency of the evidence. It is conceded by both the State and the appellant that the evidence in the record before us on this appeal is substantially the same as the evidence in the record before us on the former appeal. It would be a sufficient answer to appellant's contentions, therefore, to say that this Court has held that the evidence is sufficient to sustain the conviction. However, we have again carefully examined this evidence and are of the opinion, as we were on the

former appeal, that the evidence is amply sufficient to sustain the conviction. It can serve no good purpose to relate the evidence in detail. We think that the evidence amply establishes the fact that the cow in question was stolen from the one-quarter acre pasture of A. L. Puckett in the Second Judicial District of Hinds County, Mississippi. According to the testimony of the State's witness, Larry Smithson, the cow was, within a short period of time thereafter, in the possession of the appellant when the latter drove up to the arch in Vicksburg with the cow in his truck, and in accordance with prearrangements, turned the cow over to Smithson to be taken to the sales barn in Port Gibson and sold. No attempt was made by the appellant to explain his possession of the cow, but on the contrary, he wholly denied that he had ever been in possession of the cow or that he had ever seen the cow.

"A presumption of guilt arises from the possession of recently stolen property provided that the proof is sufficient to establish that the property was in fact stolen and that the accused failed to give a reasonable explanation of his possession." Haney v. State, 199 Miss. 568, 24 So. 2d 778.

Since the State's proof was sufficient to establish the fact that the cow was stolen and was found in the recent possession of the appellant, and the appellant offered no reasonable explanation of such possession, but denied such possession, this, in our opinion, was sufficient to make out a case for the jury on the question of appellant's guilt or innocence. It is true that the appellant denied the testimony of Smithson and undertook to assail his credibility. But this only served to create an issue of fact for the jury on conflicting evidence. The credibility of the witnesses was a question for the jury. We think that the jury was amply warranted in accepting as true the State's proof, particularly in view of appellant's uncertain testimony and his conflicting statements to investigating officers shortly after the

theft of the cow was discovered. We do not feel justified, therefore, in disturbing the verdict of the jury, and accordingly, the judgment of the Court below is affirmed.
Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.