FOGLE *v.* STATE

No. 40599 October 28, 1957 97 So. 2d 645

*Frank E. Shanahan, Jr.,* Vicksburg, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

ETHRIDGE, J.

Appellant Jesse Fogle was convicted in the Circuit Court of Warren County of grand larceny and was sen-

tenced to four years in the state penitentiary. His assignment of errors is directed to two points: The giving of an instruction for the State with reference to the unexplained possession of recently stolen property; and the failure and refusal of the trial court to appoint counsel to represent him in his defense, thus allegedly denying him due process of law.

E. J. Cronin of Vicksburg was in possession of a record player and amplifier, which belonged to him and other members of an organization with the picturesque name of the Paws and Taws Square Dance Club. His home was on the south side of a street, with a front porch which was eight to ten feet from the sidewalk. While cleaning his house on the afternoon of December 8, 1956, he placed the record player and amplifier, which were in a box, on the front porch. He noticed that it was missing an hour or so later and called the police. George Marler lived directly across the street. The afternoon of the theft, he was in his front yard when he saw the defendant "going away from" Cronin's house, crossing the street. Marler said that he was about fifty feet from Fogle when he observed him leaving with a package in his hands similar to that containing the record player and amplifier. It was about sunset, but he was unequivocal in his identification of the defendant as the man with the property. Captain W. J. Hearn of the Vicksburg Police Department testified that, after the theft was reported, he began searching for the property and went down to the "hobo den" at the foot of Dorsey Street. It is apparently a tunnel under the street. He went inside the tunnel with a flashlight, and found Fogle lying there asleep with the stolen property beside and within about two feet of him. There was no one else in the "hobo den" at the time.

The defendant testified in his own behalf. He had been in North Carolina, and had spent the preceding night in Jackson. He said he met two other men, whom he did

not know, and they rode a freight train from Jackson to Vicksburg. They drank some whiskey en route, and, upon arrival in Vicksburg, one of them suggested that they go to the "hobo den". After taking another drink defendant said that he lay down and went to sleep. The next thing he know was the arresting officer waking him up. The first time he saw the stolen property was in the City Court. He stated there was nothing beside him when he lay down to go to sleep. He admitted a 1938 Oklahoma conviction of manslaughter, and Washington and Texas convictions of forgery.

From this summary of the testimony, it is manifest that the jury was amply warranted in finding defendant guilty. An eyewitness positively identified him as the person gong away from the owner's premises with a package similar to that containing the stolen property in his possession. And the police officer arrested him while asleep in the hobo den with the stolen property within two feet of him and no one else there. Whether he was truthful in stating that he knew nothing of the property and denying that he took it was purely a question for the jury.

The State obtained four instructions, two of which required the jury to believe from all of the evidence beyond a reasonable doubt that defendant knowingly stole the property. It also obtained the following instruction: "The Court instructs the Jury for the State, that the possession of property recently stolen is a circumstance which may be considered by the Jury and from which, in the absence of a reasonable explanation, the Jury may infer guilt of larceny." This and similar instructions have been approved in a number of cases. Lott v. State, 204 Miss. 610, 625, 626, 37 So. 2d 782 (1948); Huddleston v. State, 220 Miss. 292, 296, 70 So. 2d 621 (1954); 2 Alexander, Mississippi Jury Instructions (1953), Sections 2972, 2978; Fletcher v. State, 168 Miss. 361, 151 So. 477 (1933).

██ ██ There was no error in the giving of this instruction under the particular circumstances of this case. Any question as to its correctness as an abstract principle of law has long since been foreclosed in this State. Appellant argues that the instruction constitutes a finding by the trial court that he was in possession of the property, when that was a disputed issue of fact. We do not construe the instruction. It does not tell the jury that defendant was in possession of the property. It only states correctly the principle of law that the possession of recently stolen property is a circumstance which "may be considered by the jury", and from which, absent a reasonable explanation, the jury may infer guilt of larceny. The State therein was setting forth one of the elements of its theory of the case. The State's principal instruction clearly advised the jury that if it believed from all of the evidence beyond a reasonable doubt that defendant willfully and feloniously took, stole and carried away the property, then he was guilty as charged in the indictment. This instruction placed upon the State its full and proper burden of proof. The instruction concerning a permissible inference from possession does not minimize the requirements set forth in the principal instruction. The issue of defendant's guilt or not was therefore properly submitted to the jury. ██ ██ However, we think that, where there is any substantial dispute as to possession by the accused, the better practice would be that the instruction should contain, in order to remove any possibility of misleading the jury, an additional clause with the proviso that if the jury believes from the evidence beyond every reasonable doubt that the defendant was in possession of the property and that such property was recently stolen, then such possession is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt of larceny. Cf. Mc-

Broom v. State, 222 Miss. 655, 656, 76 So. 2d 819 (1955); Murray v. State, 36 So. 541 (Miss. 1904).

A case involving this same question, of the use of an abstract instruction on the inference of guilt from the possession of recently stolen property, where the possession is disputed, is Meador v. State, 201 Ark. 1083, 148 S. W. 2d 653 (1941). The owner of the stolen heifer saw her being pulled into the woods by an unknown person. He followed, found the heifer tied with a rope to a tree, and saw appellant standing a few yards from the heifer. A substantially similar abstract instruction on the inference from possession was given by the trial court. Affirming the conviction, the Arkansas Court said: ''The objection to the instruction is that it assumes that appellant was in possession of the stolen heifer. We do not so understand it. Some one had made a necessary preparation to steal the heifer, and had stolen it by tying it with a rope where it could not be seen from the highway. Whether appellant was that person was a question of fact in the case submitted to the jury and the instruction was, therefore, not erroneous.''

 There is no merit in appellant's contention that he was denied due process of law by the failure and refusal of the trial court to appoint counsel for him. The offense charged was a noncapital felony. It is well-established that in such cases in Mississippi the trial court is not authorized or required to appoint counsel for a defendant. Reed v. State, 143 Miss. 686, 109 So. 715 (1926); Odom v. State, 205 Miss. 572, 37 So. 2d 300 (1948); cert. den., 336 U. S. 932, 69 S. Ct. 747, 93 L. Ed. 1092 (1949); Phenix v. State, 216 Miss. 1, 61 So. 2d 392 (1952); Poole v. State, 90 So. 2d 212 (Miss. 1956). As indicated in the last three cited cases, the United States Supreme Court has repeatedly held that the due process clause of the Fourteenth Amendment to the U. S. Constitution does not require states to afford defendants the assistance of counsel in noncapital criminal cases.

Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595 (1942); Bute v. Illinois, 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 986 (1948). ■■ ■ No special circumstances exist here which would warrant a departure from that established rule. Appellant is an adult and apparently of average, normal intelligence. The conduct of the trial court and of the prosecuting officers was proper and fair. The nature of the offense charged was simple, not complicated, and the defenses to it were of the same nature. Appellant was tried by a fair and impartial jury. The great weight of the evidence warranted the jury in finding appellant guilty, and we find no reversible error in the record.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.