HARRIS *v.* STATE

No. 42250          October 1, 1962          144 So. 2d 790

*Crisler, Crisler & Bowling,* Jackson, for appellant.

*G. Garland Lyell, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

554

RODGERS, J.

This case came to this Court from the Circuit Court of Jasper County, Mississippi, in which appellant was indicted, convicted and sentenced to serve a term of seven years in the state penitentiary, for the crime of assault and battery with intent to kill and murder one Tommie Dean.

There is no transcript of the testimony taken in the trial court in the record filed here on appeal. The record does, however, reveal that appellant, Dick Harris, and his son, Don Harris, were jointly indicted, and that a severance was ordered by the trial court at the August Term 1959. A motion for continuance was filed by Don Harris, in which he stated, in substance, that his father (appellant here) was sick and that if he were present his father would testify that he was being assaulted by the prosecuting witness, and that Don Harris, the son, engaged in combat with the prosecuting witness. The appellant's son has not been tried, but appellant

has been tried three times. The first and second trials of appellant resulted in mistrials, and in each of these trials the defendant presented and obtained several instructions fully informing the jury that he was not guilty if he did not know that his son, Don Harris, was cutting the prosecuting witness, and did not aid and abet in the alleged assault. In the final trial no instructions were granted in which this issue was submitted to the jury. The record further reveals that after the conviction of appellant motion for a new trial was filed by an attorney other than the one who originally represented the defendant. The motion sets out that "the defendant's constitutional rights were deprived by being forced to go to trial without counsel because..of his physical condition." After having heard the evidence, the trial court overruled this motion.

The issue to be determined here is whether or not two instructions granted to the State were so erroneous and prejudicial as to require a reversal of this. case.

Appellant assigns as error refusal of the trial court to grant a continuance, but, in view of our conclusion with reference to the granting of the following instructions, we do not consider this assignment, except insofar as it aids us in our determination of the issue presented by the instructions granted to the State of Mississippi by the trial court.

The first instruction complained of by appellant is in the following language: "The Court instructs the jury for the State that if you believe from all of the evidence in this case, beyond a reasonable doubt, that the defendant, Dick Harris, was willfully, unlawfully and feloniously pursuing Tommie Dean with a deadly weapon, to-wit: a knife, with the intention of effecting the death of the said Tommy Dean, without authority of law, and not in his necessary or apparent self-defense, *and at a time when the said Tommie Dean was in no imminent danger of losing his life or suffering great*

*bodily harm at the hands of the defendant, Dick Harris,* then it is your sworn duty to convict the said defendant, Dick Harris, and this is true even though the defendant did not succeed in his efforts to kill the said Tommie Dean." (Emphasis supplied.)

The second instruction complained of is in the following language: "The Court instructs the jury for the State that if you believe from all of the evidence in this case beyond every reasonable doubt that the defendant, Dick Harris, made a felonious assault with a certain deadly weapon, to-wit: a shovel handle upon the person of Tommie Dean with the felonious intent and of his malice aforethought then and there to kill and murder the said Tommie Dean, *or at the hands of any other person or persons being then and there present,* then it will be your sworn duty to find the defendant guilty as charged." (Emphasis supplied.)

██ █ The form of the first instruction mentioned above began to appear in the reports of this Court as early as the year 1907 in the case of Canterberry v. State, 90 Miss. 279, 43 So. 678. See Page 681. It has been modified from time to time so as to meet the criticism of the Supreme Court. See Daniels v. State, 196 Miss. 328, 17 So. 2d 793. All of these instructions mentioned in cases heretofore point out that the assault was made *at a time when he, the defendant, was in no danger of losing his own life or suffering great bodily harm at the hands of the prosecuting witness.* This instruction complained of here permits the conviction of defendant for an assault and battery with intent to kill and murder a person who was in no danger of losing his life. The instruction was erroneous.

██ █ The second instruction, supra, was also palpably erroneous because it charges the jury to find the defendant guilty if a felonious assault with intent to kill and murder was made upon the prosecuting witness *"at the hands of any other person being then and there*

*present.''* Cf. Prine v. State, 192 Miss. 726, 7 So. 2d 555.

The fine brief of the Attorney General points out that this Court has repeatedly held that it will not reverse a case because of irregularity of any one particular instruction, unless it affirmatively appears from the record as a whole that the judgment resulted in a miscarriage of justice. Reed v. State, 237 Miss. 23, 112 So. 2d 533; Toler v. State, 53 So. 2d 5 (Miss.); Knight v. State, 57 So. 2d 161 (Miss.); Haney v. State, 199 Miss. 568, 24 So. 2d 778.

We have concluded from an examination of the record that this case comes within the exception to the rule cited by the Attorney General. It is apparent that the instructions complained of cannot be considered to be harmless, nor were they cured by other instructions. The defendant obtained no instructions presenting his defense to the jury. The first instruction, supra, was properly drawn in the first two trials, and the juries did not agree to convict the defendant. It is apparent to us that the misdirection of the trial jury in this case was harmful and prejudicial, and that a new trial should be awarded.

The judgment of the lower court will therefore be reversed, and the case remanded for a new trial.

Reversed and remanded.

*Lee, P. J., Kyle, Ethridge* and *McElroy, JJ.,* concur.