197 So.2d 889 (1967)
Charles LEVERETT
v.
STATE of Mississippi.
No. 44428.
Supreme Court of Mississippi.
April 17, 1967.
*890 Lomax B. Lamb, Jr., Marks, for appellant.
Joe T. Patterson, Atty. Gen., by R. Hugo Newcomb, Sr., Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
An analytical study of the record and briefs in this case convinces us that a question of fact was properly presented for consideration by the jury, and the evidence is sufficient to justify the verdict of guilty. The record indicates that the jury was justified in finding that appellant had stolen property in his possession at the time of his arrest and that he failed to give a reasonable explanation for such possession. McBroom v. State, 222 Miss. 655, 76 So.2d 819 (1955); Haney v. State, 199 Miss. 568, 24 So.2d 778 (1946). Furthermore, the proof is not based upon circumstantial evidence alone, since appellant was arrested within approximately two hours of the time the alarm went out on the radio announcing the theft of the batteries and radios subsequently found in his possession.
Appellant failed to request from the trial court an instruction announcing to the jury that the burden was upon the State to prove his guilt beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. For this reason appellant cannot here for the first time urge the failure of the State to so prove him guilty.
In Collins v. State, 173 Miss. 179, 180, 159 So. 865 (1935), we stated:
The Supreme Court is a court of appeals, it has no original jurisdiction; it can only try questions that have been tried and passed upon by the court from which the appeal is taken. Whatever remedy appellant has is in the trial court, not in this court. This court can only pass on the question after the trial court has done so.
For these reasons the judgment of conviction is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and INZER, JJ., concur.