341 So.2d 663 (1977)
Clarence WASHINGTON
v.
STATE of Mississippi.
No. 49433.
Supreme Court of Mississippi.
January 26, 1977.
Hermel Johnson, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, P.J., and SMITH and LEE, JJ.
PATTERSON, Presiding Justice, for the Court.
Clarence Washington was convicted in the Circuit Court of the First Judicial District of Hinds County for the sale of heroin, a controlled substance. He was sentenced to fifteen years in the state penitentiary and fined $1000.
In April 1975, two agents of the Mississippi Bureau of Narcotics were assigned to the Presidential Hills area of the city of Jackson. Working incognito they sought out illicit drug dealers.
On April 10, 1975, the agents were invited to Clarence Washington's home where he told them of a "friend" from whom heroin could be purchased. Washington further informed the agents that he would introduce the "friend" to them. Accordingly, Washington took them to an adjoining house and introduced them to the friend, a *664 black male who was known as Wade. Wade agreed to supply heroin at a cost of $350 a "dipper." Washington was present when the offer of sale was advanced by Wade. As to future transactions, Wade insisted that they be initiated through Washington who would be the "go-between."
Washington arranged the resulting "buy" on April 11, having handled all subsequent communications with the agents. The purchase of the heroin from Wade was made in the appellant's home when the agents exchanged $225 in state funds for approximately two grams of heroin.
Washington, wishing to share in the profits he assumed one of the agents would make when he resold the heroin, requested compensation for his services in arranging the "buy." On April 13, 1975, one of the agents handed the appellant $50 in state funds in compliance with the request.
Appellant argues the trial court erred in overruling his motion for a directed verdict and in refusing a peremptory instruction. Washington's theory is predicated upon an alleged failure by the state to prove either that he possessed heroin on April 11, 1975, or that he received remuneration for the sale.
Though Washington did not personally transfer the heroin or actually receive the payment therefor, the evidence is conclusive that his efforts made the sale possible. They in fact led to the "buy" of the heroin in his home. We are of the opinion the appellant was properly indicted and convicted as a principal because he was personally present, aiding and abetting the purchase. White v. State, 330 So.2d 877 (Miss. 1976), and McCoy v. State, 91 Miss. 257, 44 So. 814 (1907).
Appellant next contends there was error in refusing the following instruction:
You are instructed that the testimony of a law enforcement officer carries no greater weight in law than the testimony of any other witness.
Mississippi Code Annotated section 99-17-35 (1972), entitled "Instructions" as relevant reads:
The judge in any criminal cause, shall not ... charge the jury as to the weight of evidence... .
Falling within the statute, the requested instruction, in our opinion, was properly refused.
Washington contends the trial court erred in granting the state instructions which delineated the law concerning his presence at the time of the sale and which explain that if he consented thereto, or encouraged it, or was immediately connected with it, he was a principal to the crime. The argument is made there was no evidence to support the instruction because the appellant's only participation in the sale was the introduction of the agents to Wade. This issue is resolved, we think, by the statements above concerning the appellant's activities in furthering, aiding and abetting the sale. Further discussion would be repetitious.
Finally, Washington complains that the court erred in granting an instruction for the state setting forth the essential ingredients of the crime of a sale of a controlled substance. His argument on this point is that an instruction on the actual sale of heroin conflicts with the instruction obtained by the state concerning mere physical presence of an individual when the sale is made, thereby confusing the jury. We are of the opinion the state's instruction complained of was correct as given, but even if it be somewhat inconsistent with the other instructions, we cannot state that it constitutes error because the instructions are to be considered as a whole and we do not think that it can be seriously asserted that injustice resulted from this instruction. In Harris v. State, 244 Miss. 552, 144 So.2d 790 (1962), we stated:
... [T]his Court has repeatedly held that it will not reverse a case because of irregularity of any one particular instruction, unless it affirmatively appears from the record as a whole that the judgment resulted in a miscarriage of *665 justice. (244 Miss. at 557, 144 So.2d at 792)
The record reflects no reversible error and portrays ample evidence to support the verdict that the appellant was physically present at the time of the sale of the heroin, and that his activities brought the sale about.
AFFIRMED.
GILLESPIE, C.J., INZER, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.