THOMAS, J., for the Court.
¶ 1. An Infiniti automobile, $265 in cash and a pistol were taken as confiscated property consequent to the arrest of Jermaine Shannon. The confiscation of the automobile and the cash was denied by the county court. However, the circuit court overruled that decision, upholding the confiscation of the property. Aggrieved, Bernard Shannon, Jermaine’s brother, asserts several issues which we have summarized as the following all inclusive issue:
THE CIRCUIT COURT ERRED IN REVERSING THE COUNTY COURT’S REFUSAL TO STRIKE THE PETITIONS TO RECOVER SEIZED PROPERTY AND ORDER TO RETURN THE SEIZED PROPERTY.
Finding no error, we affirm.
FACTS
¶ 2. On August 7, 1997, the North Mississippi Narcotics Unit (Narcotics Unit) *1257 set up and executed a controlled buy of crack cocaine from Jermaine Shannon utilizing a confidential informant. The informant purchased the crack from Jermaine at his residence, 1198 Hilda Road, Tupelo, Mississippi. As a result of this drug buy, a search warrant was issued and executed on Apartment # 4,1198 Hilda Road.
¶ 3. The search began on August 7, the same day of the drug buy, and continued into the early hours of August 8. The officers discovered a Lorcin 380 caliber pistol, approximately forty-four rounds of 380 caliber bullets, a razor blade with cocaine residue on it, the title to a 1990 Infiniti Q-45 automobile and $265 in cash as a result of the search. All of these items were found in Jermaine’s bedroom, with the exception of the razor blade, which was found in the kitchen.
¶4. During the search on August 7, Jermaine arrived at the premises driving the Infiniti. At that time, a search was conducted on both Jermaine’s person as well as the Infiniti. The search of the Infiniti produced numerous receipts for repairs to the Infiniti, Jermaine’s driver’s license, Blockbuster membership card, and a bill stub from Tupelo Water and Light which listed Jermaine’s name and address.
¶ 5. It is also relevant to note that Jermaine’s brother, Bernard Shannon, also arrived at the premises during the search. When asked how he arrived, Bernard explained that at that time he was returning from work and had walked five miles during late night hours and a heavy rainstorm. At no time during the search of the apartment and the Infiniti did Bernard claim ownership of the Infiniti. In fact, the officers questioned Bernard as to the repairs made on the Infiniti and he had no idea that repairs had taken place. Bernard also had no idea of the actual purchase price paid for the Infiniti.
¶ 6. Subsequent to this search, Jermaine was arrested and later pled guilty to possession of cocaine and possession of cocaine with intent to sell, transfer or distribute cocaine. Jermaine was sentenced to twenty years in the custody of the Mississippi Department of Corrections and ordered to pay a $5,000 fine with $4,000 suspended on the intent to sell charge and three years in the custody of the Mississippi Department of Corrections and ordered to pay $5,000 with $4,000 suspended on the possession charge. Sentences are to run concurrently.
¶ 7. While the Infiniti was titled in Bernard’s name, to the extent that he had signed the back of the title, it had not been filed with the appropriate state agency. Bernard did not have possession of the title, nor control of the car. The receipts found in the Infiniti totaled over $1,500 and the only name found on any of the receipts was that of Jermaine Shannon. Officer Bunn interviewed the prior owner of the Infiniti, who explained that he sold the automobile to Jermaine. Jermaine himself testified at the forfeiture hearing that he had no legal job at the time he bought the Infiniti or in the months beforehand. He further admitted that selling drugs was his primary source of income at that time.
¶ 8. On August 11, 1997, Officer Bunn issued a notice of intent to seize the Infini-ti, pistol, ammunition and $265 in cash based on the collective information gathered during the search and investigation. On August 22, 1997, attorney Brian Neely filed a petition to recover seized property and contest forfeiture, naming Jermaine as the petitioner and listing the Infiniti and the $265 in cash as the property to be recovered. On September 29, 1997, Neely filed an amended petition to recover seized property and contest forfeiture, naming both Jermaine and Bernard as petitioners *1258 and listing the Infinitó and $265 in cash to be recovered as well as $3,000 in actual damages. None of the petitions filed by Neely were personally signed by either Jermaine or Bernard.
¶ 9. The county court held that all of the property confiscated at the time of Jermaine’s arrest should be returned to Bernard and Jermaine. On appeal, the circuit court overruled that decision, upholding the confiscation of the property.
ANALYSIS
DID THE CIRCUIT COURT ERR IN REVERSING THE COUNTY COURT’S REFUSAL TO STRIKE THE PETITIONS TO RECOVER SEIZED PROPERTY AND ORDER TO RETURN THE SEIZED PROPERTY?
¶ 10. The relevant portions of Miss. Code Ann. § 41-29-153, state as follows:
(a) The following are subject to forfeiture:
(1) All controlled substances which have been manufactured, distributed, dispensed or acquired in violation of this article;
(2) All raw materials, products and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this article;
(3) All property which is used, or intended for use, as a container for property described in paragraph (1) or (2) of this section;
(4) All conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of property described in paragraph (1) or (2) of this section ...
(5)All money, deadly weapons, books, records, and research products and materials, including formulas, microfilm, tapes and data which are used, or intended for use, in violation of this article
[[Image here]]
Miss.Code Ann. § 41-29-153 (Rev.2001).
¶ 11. The administrative proceedings of a forfeiture are fleshed out in Miss.Code Ann. § 41-29-176, and Miss.Code Ann. § 41-29-179. The relevant portions of Miss.Code Ann. § 41-29-176 state as follows:
(1) When any property other than a controlled substance, raw material or paraphernalia, the value of which does not exceed Ten Thousand Dollars ($10,-000.00), is seized under the Uniform Controlled Substances Law, the property may be forfeited by the administrative forfeiture procedures provided for in this section.
(2) The attorney for or any representative of the seizing law enforcement agency shall provide notice of intention to forfeit the seized property administratively ...
(5) Any person claiming an interest in property which is the subject of a notice under this section may, within thirty (30) days after receipt of the notice or of the date of the first publication of the notice, file a petition to contest forfeiture signed by the claimant in the county court ... in order to claim an interest in the property ...
(6) If no petition to contest forfeiture is timely filed, the attorney for the seizing law enforcement agency shall prepare a written declaration of forfeiture of the subject property and the forfeited property shall be used, distributed or disposed of in accordance with the provisions of Section 41-29-181, Mississippi Code of 1972.
*1259 Miss.Code Ann. § 41-29-176 (Rev.2001)(emphasis added). Further, the relevant portions of Miss.Code Ann. § 41-29-179, state as follows:
(1) Except as otherwise provided in Section 41-29-176, an owner of property, other than a controlled substance, raw material or paraphernalia, that has been seized shall file an answer within thirty (30) days after the completion of service of process. If an answer is not filed, the court shall hear evidence that the property is subject to forfeiture and forfeit the property to the Mississippi Bureau of Narcotics or the local law enforcement agency. If an answer is filed, a time for hearing on forfeiture shall be set within thirty (30) days of filing the answer or at the succeeding term of court if court would not be in progress within thirty (30) days after filing the answer....
(2) If the owner of the property has filed an answer denying that the property is subject to forfeiture, then the burden is on the petitioner to prove that the property is subject to forfeiture. However, if an answer has not been filed by the owner of the property, the petition for forfeiture may be introduced into evidence and is prima facie evidence that the property is subject to forfeiture. The standard of proof placed upon the petitioner in regard to property forfeited under the provisions of this article shall be by a preponderance of the evidence.
(3) At the hearing any claimant of any right, title or interest in the property may prove his lien, encumbrance, security interest, other interest in the nature of a security interest, mortgage or deed of trust to be bona fide and created without knowledge or consent that the property was to be used so as to cause the property to be subject to forfeiture.
(4)If it is found that the property is subject to forfeiture, then the judge shall forfeit the property to the Mississippi Bureau of Narcotics or the local law enforcement agency....
Miss.Code Ann. § 41-29-179 (Rev.2001)(emphasis added).
¶ 12. In the case at hand, the forfeited property did not exceed $10,000, and both Bernard and Jermaine were given proper notice of the forfeiture on August 11, 1997, which notice explicitly advised a claimant of the need to personally sign a petition to contest the forfeiture. The forfeiture proceedings were proper.
¶ 13. Neither Bernard nor Jermaine personally signed a petition to contest the forfeiture. Bernard argues that the Mississippi Rule of Civil Procedure 11(a) is authority for the proposition that an attorney may sign for the owner of the forfeited property, we disagree. The statutes clearly state that “[a]ny person claiming an interest in property which is the subject of a notice under this section may file a petition to contest forfeiture signed by the claimant.” Miss.Code Ann. § 41-29-176(5) (Rev.2001). Miss.Code Ann. § 41-29-176(5) does not mention an attorney’s ability to substitute his own signature for his client’s signature. Mississippi Rule of Civil Procedure 11(a) states:
Every pleading or motion of a party represented by an attorney shall be signed by at least one attorney of record .... The signature of an attorney constitutes a certifícate by him that he has read the pleading or motion; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.
Not only does Mississippi Rule of Civil Procedure 11(a) not apply to a petition to return forfeited property, it does not give an attorney the power to substitute his *1260 signature for that of his client. The petition to recover seized property and contest forfeiture was statutorily insufficient.
¶ 14. A petition signed by Brian Neely, attorney for Jermaine and Bernard Shannon, and naming Jermaine as the sole petitioner was filed in a timely manner. After the period of time allowed by statute to file a petition to return forfeited property had expired, an amended petition naming both Jermaine and Bernard as the petitioners was filed. Again, the amended petition was only signed by Neely. Now, on appeal Bernard is the only named appellant. It is clear that Bernard did not file a petition to contest the forfeiture in a timely manner. Jermaine, who attempted to join this appeal by filing a request for joinder during the pendency of this appeal, was the only party to file a petition, albeit factually deficient, in a timely manner from the start. Jermaine’s request for joinder at this stage is too little, too late and is denied. Bernard is time barred from contesting the forfeiture.
¶ 15. Further, the petition that was filed by Neely, only mentioned the Infiniti and $265 in cash as property to be recovered. Therefore, the circuit court’s reversal of the county court’s ruling to return all seized property was proper.
¶ 16. Even if Bernard did sign the petition and it was timely filed, the burden on the State to show that the property was subject to forfeiture was met. The only evidence proffered that supported the assertion that Bernard was the owner of the Infiniti was his signature on the back of the title, and it had not been filed with the appropriate state agency. Bernard did not testify and assert ownership of the Infiniti. Bernard did not have possession of the title, nor control of the car. The receipts found in the Infiniti totaled over $1,500 and the only name found on any of the receipts was that of Jermaine Shannon. The prior owner of the Infiniti testified that he sold the automobile to Jermaine. Jermaine testified that his only real source of income in the months surrounding the purchase of the Infiniti was from selling drugs. Jermaine’s own testimony is ample evidence to support the finding that the purchase of the Infiniti was made with proceeds from illegal drug sales and the proper subject of forfeiture.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY. CHANDLER, J., NOT PARTICIPATING.