878 So.2d 107 (2003)
Milton D. CONCANNON, M.D., Appellant,
v.
Donis REYNOLDS, Appellee.
No. 2002-CA-00810-COA.
Court of Appeals of Mississippi.
September 16, 2003.
Rehearing Denied December 9, 2003.
Certiorari Denied July 22, 2004.
*108 T. Patrick Welch, Mccomb, attorney for appellant.
Mack T. Brabham, Mccomb, attorney for appellee.
Before KING, P.J., BRIDGES, IRVING, and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. In January of 1998, Dr. Milton D. Concannon treated Sandra Rachel for chest pains. Rachel was not happy with Concannon's communication style, and her sister, Donis Reynolds, wrote a letter to Concannon and to Southwest Mississippi Regional Medical Center in which she complained of Concannon's "bedside manner."
¶ 2. Concannon went to an attorney. The attorney wrote a letter to Reynolds, informing her that Concannon intended to sue her for defamation if she did not write letters of apology to everyone who received Reynolds' original letter. Reynolds wrote the apology, but Concannon did not think it was a sincere apology, so he proceeded with his suit. Reynolds counterclaimed for breach of contract.[1]
¶ 3. Four years later, in February 2002, a jury heard the case. The trial judge issued a directed verdict against Concannon on his defamation claim, and the jury returned a verdict for Reynolds for breach of contract. The jury awarded her $2,500 actual damages, and $2,500 punitive damages. Before trial, both parties had stipulated the issue of attorney fees was reserved depending on the jury verdict, with the court to set the amount, if any, of the fees.
¶ 4. On March 5, 2002, Reynolds submitted a motion to the court for attorney fees along with an affidavit of her attorney with an attached itemized time sheet. The trial court held a hearing on the motion on March 25. At the end of the hearing, the court took the matter under advisement.
¶ 5. On April 22, the trial court issued its ruling, awarding attorney fees in the amount of $20,758.75. Concannon appeals to this Court, asking us to decide:
WHETHER THE AMOUNT OF THE ATTORNEY'S FEES AWARDED IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

Legal Analysis
¶ 6. Concannon makes a very convincing argument, however, it is moot. After the judge made his ruling on the attorney's fees, the correct step would have been to give the trial court a chance to correct its alleged mistake. This could have been done by moving for an amended finding under Rule 52 of the Mississippi Rules of Civil Procedure, or for a new trial under Rule 59, or relief from the judgment under Rule 60. Instead, the issue was appealed directly to us.
¶ 7. The dissent is correct that Rule 52(b) provides for actions tried by the court without a jury to be directly appealed when the sufficiency of the evidence is in question. However, this action was tried by a jury. The issue of the amount of attorney's fees was left to the judge to decide (through stipulation of the parties).
*109 ¶ 8. As such, we are procedurally barred from considering the issue. Chamblee v. Chamblee, 637 So.2d 850, 866 (Miss.1994); Sumrall Church of Lord Jesus Christ v. Johnson, 757 So.2d 311, 316(¶ 12) (Miss.Ct.App.2000). We therefore affirm the trial court's order.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, P.J., BRIDGES, THOMAS, LEE, IRVING, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MCMILLIN, C.J., AND SOUTHWICK, P.J.
GRIFFIS, J., DISSENTING:
¶ 10. Because I believe the majority erroneously finds that our consideration of this appeal is procedurally barred, I respectfully dissent.
¶ 11. The majority concludes that the appellant was required to file a post-trial motion, pursuant to Rule 52, 59 or 60 of the Mississippi Rules of Civil Procedure, to perfect an appeal. In certain instances, this is certainly a correct statement of the law. However, here, the issue we address in this appeal is a matter decided by the judge without a jury. Therefore, I do not believe this to be a proper application of this legal principle.
¶ 12. My consideration is limited to Rule 52(b) of the Mississippi Rules of Civil Procedure, which in pertinent part provides:
When findings of fact are made in actions tried by the court without a jury, the questions of the sufficiency of the evidence to support the findings may thereafter be raised regardless of whether the party raising the question has made in court an objection to such findings or has filed a motion to amend them or a motion for judgment or a motion for a new trial.
¶ 13. In the instant appeal, the underlying claims were tried to a jury. However, the issue in this appeal is the sufficiency of the evidence presented to support the award of attorney's fees. The award of $20,785.75 in attorney's fees was decided by the trial judge, not the jury. Therefore, I am of the opinion that the majority's conclusion is contrary the language of Mississippi Rules of Civil Procedure 52 quoted above.
¶ 14. To support its decision that the appeal is procedurally barred, the majority relies upon two cases that are not applicable. First, in Chamblee v. Chamblee, 637 So.2d 850, 866 (Miss.1994), the Mississippi Supreme Court did not consider the sufficiency of the evidence but instead considered whether it was plain error for the court to consider Ms. Chamblee's request for attorney's fees when her counsel rested her case before presenting evidence of her attorney's fees incurred. The court determined that her counsel did not raise an objection at trial to the chancellor's refusal to allow her to reopen her case to present evidence of attorney's fees and did not cite the issue in the designation of the record or statement of the issues. Id. Therefore, the court determined that it could not then consider the issue on appeal. Id.
¶ 15. Next, in Sumrall Church of the Lord Jesus Christ v. Johnson, 757 So.2d 311, 312(¶ 1) (Miss.Ct.App.2000), Johnson, an electrical subcontractor, sued the owner of a building under construction, Sumrall Church, for breach of an electrical construction contract. Sumrall Church counterclaimed alleging that Johnson failed to properly perform the contract. Id. A jury returned Johnson a verdict that included *110 compensatory damages and attorney's fees. Id. at 312-13 (¶¶ 1-2). Sumrall Church's primary contention was that the trial court failed to properly instruct the jury and that the award of attorney's fees was punitive and against the overwhelming weight of the evidence. Id. This Court held:
[T]here was no basis for the award of attorney's fees. Upon careful review of the record, we find that Sumrall did not raise the issue of attorney's fees in the trial court in either its motion for JNOV or its motion for new trial. Thus, it is procedurally precluded from raising the issue here for the first time. Leverett v. State, 197 So.2d 889, 890 (Miss.1967). The purpose for requiring specific objections is to avoid costly new trials and to allow the offering party an opportunity to obviate the objection. Id. The trial court cannot be put in error unless it has had an opportunity to pass on the question. Id. However, notwithstanding the procedural bar, we feel compelled, in light of the pleadings and evidence adduced at trial, to notice the award of attorney's fees as plain error. Accordingly, we reverse and render that portion of the judgment awarding attorney's fees in the amount of $1,856.50. Thus, Sumrall's last issue concerning the alleged error of the trial court in not granting him a new trial to correct the award of attorney's fees need not be addressed in light of our treatment of this issue here.
Id. at 316(¶ 13)
¶ 16. In my opinion, neither of these cases offers controlling authority for this appeal. In Chamblee, the issue before the court did not relate to the sufficiency of the evidence but rather whether evidence was presented to assert a claim for attorney's fees, there being absolutely no evidence to support such a claim. Chamblee, 637 So.2d at 866. In Sumrall Church, since the jury returned a verdict that included an award of attorney's fees, Rule 52 did not apply. Sumrall Church, 757 So.2d at 315.
¶ 17. I read the majority's opinion to modify the language of Mississippi Rules of Civil Procedure 52 and to alter the requirements necessary to properly present an appeal. The majority would now require that all errors, including errors that relate to the sufficiency of the evidence, be resubmitted to chancellors and circuit or county judges, sitting without a jury, for an appeal to be procedurally ripe. I believe that to require such effort would simply be an unnecessary and burdensome post-trial motion. The practical theory behind the rule to allow a court an opportunity to correct an error is sound and is an integral part of our appellate jurisprudence. However, it is not consistent with this theory to require a judge sitting without a jury to consider the sufficiency of the evidence after the judge has made the final ruling. Therefore, I disagree with the majority and dissent.
¶ 18. After reviewing the record, I am convinced that the appellant presented an adequate basis to challenge the sufficiency of evidence supporting the award of attorney's fees. While the outcome of my opinion may have been different if all issues and the entire judgment had been appealed, as an appellate court, our authority is limited to review only the issues specifically identified. M.R.A.P. 28(a)(3). Dr. Concannon accepted the jury's verdict as to the award of compensatory and punitive damages. It is well settled that where punitive damaged are proper, attorney's fees can be awarded. Aetna Casualty & Surety Co. v. Steele, 373 So.2d 797, 801 (Miss.1979). We must, therefore, accept that since punitive damages were awarded *111 then a claim for attorney's fees was likewise properly considered.
¶ 19. To support the award of attorney's fees, the appellee presented an affidavit from her attorney with an attached itemized time sheet. The appellee's counsel testified that he did not have an hourly fee contract with his client but instead had a contingency fee agreement, which was not introduced in evidence. Counsel testified that he did not keep up with his time in a contemporaneous manner and he did not differentiate between his time for the defense or prosecution of the various claims presented. When asked about the attorney's fees he claimed were incurred in the defense of the appellee he testified "that's hard to say ... I didn't attempt to break it out like that." Indeed, his own testimony challenged the accuracy of the request when he testified "I did not keep an accurate track of my time. That's unquestioned; I admit that."
¶ 20. In McKee v. McKee, 418 So.2d 764, 767 (Miss.1982), the supreme court established certain factors to be considered in making an award of attorney's fees:
In determining an appropriate amount of attorneys fees, a sum sufficient to secure one competent attorney is the criterion by which we are directed. The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
¶ 21. Awards of attorney fees must be both fair and reasonable. Monroe v. Monroe, 745 So.2d 249, 253(¶ 18) (Miss.1999). They should compensate only for the actual services and time involved, which may not otherwise be recouped or used. Id.
¶ 22. I find that the factors established in McKee were not satisfied and the award of attorney's fees was not adequately supported. I would reverse and render the award of attorney's fees.
McMILLIN, C.J. AND SOUTHWICK, P.J., JOIN THIS SEPARATE OPINION.
NOTES
[1] Specifically, that Concannon's demand for an apology was an offer and Reynolds' letter of apology was an acceptance. Concannon's suing despite the apology was a "bad faith" breach of that contract.