966 So.2d 841 (2007)
1999 BUICK CENTURY, VIN # 2G4W552M9X1530091, Appellant
v.
STATE of Mississippi and/or Tylertown Police Department and Mississippi Bureau of Narcotics, Appellee.
No. 2006-CA-02046-COA.
Court of Appeals of Mississippi.
October 2, 2007.
*842 Vanessa J. Jones, Hattiesburg, attorney for appellant.
Thomas P. Welch, Jr., attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. On July 27, 2006, Smith was arrested for the sale of crack cocaine to a confidential informant. The actual sale took place on April 10, 2006. On July 28, 2006, Smith received a notice of intention to forfeit seized property, a 1999 Buick Century. Both parties agree that the notice of forfeiture was sufficient.
¶ 2. On August 25, 2006, Smith's attorney filed a petition to recover seized property and contest forfeiture. The petition was signed by Smith's attorney. The petition was not signed by Smith. On September 7, 2006, the attorney for the State filed a response to the petition and a motion for summary judgment. The motion for summary judgment argued that Smith had failed to file a statutorily sufficient petition to contest the forfeiture. The motion claimed that the petition was insufficient because Smith had not signed the petition as required by statute.
¶ 3. On September 27, 2006, Smith's attorney filed an amended petition which Smith had signed. On November 6, 2006, a hearing was held on the motion for summary judgment. The trial court then granted the motion for summary judgment on November 17, 2006. It is from this judgment that Smith appeals.

ANALYSIS
I. Whether Smith is procedurally barred for failure to make a motion to reconsider the summary judgment.
¶ 4. The State argues that Smith waived his right to appeal when he failed *843 to file a motion to reconsider after entry of the summary judgment. The State's authority for this proposition is Rule 52(b) of the Mississippi Rules of Civil Procedure and Concannon v. Reynolds, 878 So.2d 107 (Miss.Ct.App.2003). There is no merit to this argument.
¶ 5. This Court has stated that Rule 52 applies "only to decisions made after some proceeding in which contested facts need to be evaluated. It does not apply to a summary judgment." Estes v. Bradley, 954 So.2d 455, 466(¶ 36) (Miss.Ct.App. 2006). Further, this case is easily distinguished from Concannon. This case deals with a summary judgment where the court actually made no findings of fact. Instead, the court merely restated the facts that were not in dispute. In Concannon, we considered the award of attorney's fees following a full trial. Concannon, 878 So.2d at 108(¶ 3). The analysis from Concannon does not provide any guidance for this case.
¶ 6. After the entry of Rule 56 summary judgment which decides all issues between all parties involved, the party seeking to appeal need only file a notice of appeal within the appropriate time to preserve his appeal. The parties are not precluded from filing post-judgment motions, but they are not required to file further documents to preserve the appeal.
II. Whether the grant of summary judgment was in error.
¶ 7. Smith argues that the trial court erred when it granted summary judgment for the State. Specifically, Smith claims that a hearing should have been granted, and the State should have been required to prove that the property was subject to forfeiture.
¶ 8. Mississippi Code Annotated Section 41-29-153(a)(4) (Rev.2005) provides that a vehicle is subject to forfeiture if it is "used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of property described in paragraph (1) or (2) of this section. . . ." The property referenced in paragraphs (1) and (2) of the section includes controlled substances and the raw materials, products and equipment used to make controlled substances.
¶ 9. The administrative proceedings to obtain a forfeiture of property less than the amount of $10,000 are set forth in two statutes. Miss.Code Ann. §§ 41-29-176 and -179 (Rev.2005). Section 41-29-176(5) provides:
[a]ny person claiming an interest in property which is subject of a notice under this section may, within thirty (30) days after receipt of the notice or of the date of the first publication of the notice, file a petition to contest forfeiture signed by the claimant in the county court, if a county court exists, or otherwise in the circuit court of the county in which the seizure is made. . . .
(Emphasis added). If a petition to contest the forfeiture is not timely filed, the attorney for the seizing agency shall prepare a written declaration of forfeiture and the property will be disposed or distributed.
¶ 10. Section 41-29-179(1) provides that the "owner of property . . . that has been seized shall file an answer within thirty (30) days after the completion of service of process. If an answer is not filed, the court shall hear evidence that the property is subject to forfeiture and forfeit the property [to a law enforcement agency]." Further, Section 41-29-179(2) provides that if an answer is not filed the notice of intent shall be prima facie evidence that the property is subject to forfeiture.
¶ 11. Here, the only issue is that the only petition submitted within the thirty day period was not signed by Smith, the *844 claimant. This Court has previously held in Shannon v. North Mississippi Narcotics Unit, 815 So.2d 1255, 1260(¶ 13) (Miss. Ct.App.2002), that a petition signed only by the attorney and not the claimant is "statutorily insufficient." Smith acknowledges in his brief that his petition was deficient.
¶ 12. Nevertheless, Smith argues that by filing an amended answer after the thirty days passed cured the deficiency, and, therefore, a hearing should have been held. Smith cites Shannon for the proposition that a hearing should have been granted even with the deficient petition. Smith is mistaken as to the holding of Shannon. While a hearing was granted in Shannon, it was granted by the county court in error. A hearing was held in county court, and the court ordered that the seized property should be returned to its previous owners. Id. at 1258(¶ 9). However the circuit court reversed the decision, and this Court agreed that the county court's judgment was in error. Id. This Court found that the petition to contest forfeiture was statutorily insufficient and the hearing was not needed since the petition should have been struck. Id. at 1260(¶ 13). Therefore, Shannon actually supports the circuit court's entry of a summary judgment on the basis that the petition was insufficient.
¶ 13. Smith also argues that there was no evidence in the record to uphold this forfeiture. That allegation is untrue. Section 41-29-179(2) states that the notice of intention to forfeit seized property shall constitute prima facie evidence for forfeiture in the event an answer is not filed. Since Smith failed to file a statutorily sufficient petition within the thirty days, the circuit court could consider the notice as a prima facie case for forfeiture.
¶ 14. Accordingly, we find no error in the trial court's grant of summary judgment. We therefore affirm.
¶ 15. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.