JAMES, J.,
for the Court:
¶ 1. Shain and Dana Speights were granted an irreconcilable-differences divorce by the Lawrence County Chancery Court. Shain appeals the chancellor’s decision to award physical custody of the parties’ four minor children to Dana, in addition to the award of $2,500 in attorney’s fees to Dana. This Court affirms the award of physical custody. However, we find an abuse of discretion in the chancellor’s award of attorney’s fees. Thus, we reverse and remand that portion of the judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. Shain and Dana were married on July 14, 2000. During the marriage, the parties had four children. The parties separated on November 23, 2009. On April 30, 2010, Dana filed for divorce on the ground of habitual cruel and inhuman treatment or, in the alternative, on the ground of irreconcilable differences. On June 2, 2011, the Lawrence County Chancery Court entered a temporary order, granting Dana temporary custody of the parties’ four minor children. The parties were awarded joint legal custody of the children, and Shain was granted visitation. On March 15, 2012, Shain filed an answer and counterclaim for divorce on the grounds of adultery and habitual cruel and inhuman treatment or, in the alternative, on the ground of irreconcilable differences.
¶ 3. A trial was held on March 19, 2012. The parties agreed to a divorce based on irreconcilable differences.[1] Dana was awarded physical custody of the parties’ four children, and Shain was granted reasonable visitation. The chancellor ordered Shain to pay $1,311.60 per month in child support to Dana. Shain was also ordered to pay $2,500 in attorney’s fees incurred by Dana. A $15,564 retirement account held by Shain was split between the parties. Following the April 6, 2012 judgment of divorce, Shain filed the current appeal.
STANDARD OF REVIEW
¶ 4. Our scope of review in domestic-relations matters is limited. Montgomery v. Montgomery, 759 So.2d 1238, 1240 (¶ 5) (Miss.2000) (citing Bell v. Parker, 563 So.2d 594, 597-97 (Miss.1990)). This Court will not disturb a chancellor’s judgment absent an abuse of discretion or manifest error. Id.
DISCUSSION
I. Custody
¶ 5. Shain argues that the chancellor’s decision to award physical custody *79 to Dana was unsupported by the evidence and was contrary to the best interest of the children. In child-custody cases, the polestar consideration is the best interest and welfare of the child. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). The Albright test weighs the following factors for each parent:
Age[,] ... health, and sex of the child; a determination of the parent that has had the continuity of care prior to the separation; which has the best parenting skills and which has the willingness to provide primary child care; the employment of the parent and responsibilities of that employment; physical and mental health and age of the parents; emotional ties of the parent and child; moral fitness of the parents; the home, school and community record of the child; the preference of the child at the age sufficient to express a preference by law; stability of [the] home environment and employment of each parent[;] and other factors relevant to the parent-child relationship.

Id.

¶ 6. The chancellor applied each of the Albright factors in determining which parent was better suited for physical custody of the minor children. Ultimately, the chancellor determined that it was in the best interest of the children to remain in Dana’s custody. Shain contends that the chancellor erred in the Albright analysis of three factors: (1) the health and sex of the children, (2) parenting skills, and (3) the stability of the home environment.
¶ 7. To support his argument, Shain refers to an incident that occurred during the parties’ separation while the children were in Dana’s care. Dana testified that on one morning, the parties’ eleven-year-old son, who has ADHD, mistakenly ingested the wrong type of medication. Dana stated that she usually places all of the children’s medication on the kitchen table. The parties’ seven-year-old daughter takes medication for asthma. Dana testified that, at the time of the incident, the brand of their son’s ADHD medication had been recently changed, and he mistakenly thought that the asthma medication was his new medication. According to Dana, the child was immediately taken to the emergency room for treatment. Dana testified that the child was not physically harmed, nor did he suffer any long-term effects from the ingestion. Dana also testified that she now gives each child their respective medications herself, and that she watches the children as they take the medication.
¶ 8. Also in support of his argument, Shain references the children having head lice while in Dana’s care. The chancellor found that this did not adversely affect the children because the head lice “only happened on two occasions ... and there have been no further episodes.” In his brief, Shain argues that this in incorrect. From the record, it is unclear where the chancellor got the notion that the children had head lice on only two occasions. At trial, the following exchange took place between Dana and Shain’s attorney regarding the head lice:
Q: You spoke about the lice incident. Was that just with [two of the children]?
A: No. It was all the kids. When you have lice with one child, it’s more than likely they all will have it.
Q: Now, was this only one occasion? Was that more than one occasion?
A: No. It was — it was several occasions, because we could never pinpoint where it came from. I still, to this day do not know where it came from. But it has been dealt with. It’s been treated. And they have not had it in a while — [a] long time.
*80 While the record does not support the chancellor’s finding that the children only had head lice on two occasions, Dana’s testimony that the children were treated and have not since suffered from lice supports the chancellor’s determination that no adverse effect occurred.
¶ 9. Shain argues that the “health of the children” and “stability of the home environment” factors favor him over Dana for a number of reasons. First, Shain points to the fact that Dana is a smoker. Dana testified that she normally smokes cigarettes outside of the home, but has on occasion smoked around the children while inside the home. Shain argues that Dana’s smoking negatively affects the health of the children. However, Shain testified that his grandmother, who occasionally helps with the children while they are in his custody, smokes as well. The chancellor found that because there was no evidence of an adverse impact on the children from the grandmother’s smoking or from Dana’s smoking, the “health of the children” factor was neutral. The chancellor did, however, order that there be no smoking or consumption of alcohol in the presence of the children by either party or by family members.
¶ 10. Next, Shain argues that since the parties’ separation, Dana has moved three times, and that her moving evinces instability of the home environment. However, Dana testified that during each of these moves, the children remained in the same school. Dana also testified that she has lived at her current address for over a year. For these reasons, the chancellor found that the children were not adversely affected as a result of the moves.
¶ 11. Shain also argues that the children would be more stable in his custody because he is employed and Dana is not. Dana testified that during the marriage, both parties agreed that Dana would forgo her career plans so that she could remain home and care for the children full-time. Dana stated that after the parties separated, she obtained employment, but quit working after five months because it was causing her to spend too much time away from the children. She also stated that she is currently looking for a job. The chancellor determined that because Dana had been the primary caregiver of the children since their births, it was in the children’s best interest to remain in her custody. The chancellor did not find Dana’s current unemployment to have a negative impact on the children.
¶ 12. Regarding the parties’ parenting skills, Shain argues that Dana has made poor decisions regarding the children’s care since the parties’ separation. Specifically, Shain refers to Dana’s decision to allow the children to take medication while unsupervised. As previously stated, Dana testified that she now supervises the children when they take medication, and the medication is no longer stored within the children’s reach. The chancellor determined that the incident of the parties’ son ingesting the wrong medication was an isolated incident, and held the following:
The Court is satisfied that was a mistake and is satisfied that the mother immediately corrected that problem by securing the appropriate medical treatment and by making sure that the medicine was given from her hand to [the child’s] hand every day thereafter. Medicine was not thereafter left on the kitchen counter for [the child] to pick up and take.
¶ 13. Shain also references Dana’s decision to expend money on Christmas gifts for the children instead of paying her monthly car note. According to Dana, Shain had given her money, which she used to purchase gifts for the children. Dana stated that during that time, her *81 vehicle was repossessed because she did not have the funds to make the monthly car payments. Shain argues that Dana’s using funds for non-necessities and allowing her only means of transportation to be repossessed show poor parental judgment. However, Dana testified that she had purchased another vehicle at the time her first vehicle was repossessed, and the children are not without transportation.
¶ 14. “We will not disturb the findings of a chancellor unless the chancellor was manifestly wrong [or] clearly erroneous, or applied an erroneous legal standard.” Jordan v. Jordan, 105 So.3d 1130, 1133 (¶ 10) (Miss.Ct.App.2012) (quoting Taylor v. Bell, 87 So.3d 1134, 1137 (¶ 6) (Miss.Ct.App.2012)). Accordingly, we decline to disturb the chancellor’s findings. The record shows that the chancellor carefully applied each of the Albright factors, and the judgment is well supported by the evidence. We find no error in the chancellor’s decision to award physical custody of the children to Dana.
II. Attorney’s Fees
¶ 15. Next, Shain argues that the chancellor erred in awarding $2,500 in attorney’s fees to Dana. “The award of attorney[’s] fees in divorce cases is left to the discretion of the chancellor, assuming he follows the appropriate standards.” Creekmore v. Creekmore, 651 So.2d 513, 520 (Miss.1995) (citing Adams v. Adams, 591 So.2d 431, 435 (Miss.1991)). “Attorney's] fees are not generally awarded unless the party requesting such fees has established the inability to pay.” Id. (citing Dunn v. Dunn, 609 So.2d 1277, 1287 (Miss.1992)). Regarding attorney’s fees, the chancellor held the following:
The Court finds that the Plaintiff did not have the income or financial resources with which to employ an attorney. The Court finds that the Defendant, Shain Speights, has assets and income which has enabled him to pay attorney’s fees for his representation in the cause. The Court finds that it would be inequitable under the circumstances ... to not order the Defendant, Shain Speights, to pay and be responsible for the attorney’s fees of the Plaintiff, Dana Speights. Therefore, the Court, taking into consideration the Court’s familiarity with the time and work necessary to properly and adequately represent a party in a child custody dispute[,] ... finds that an appropriate attorney’s fee to be paid ... would be in the amount of $2,500.
¶ 16. Although Dana offered testimony regarding her lack of income, she did not offer any evidence of the amount of attorney’s fees she incurred. The record shows that Dana’s attorney briefly mentioned her intention to offer evidence of attorney’s fees at the conclusion of trial, but she never did so. At no time during trial did Dana or her attorney provide the chancellor with evidence of attorney’s fees. Thus, it is unclear to this Court how the chancellor arrived at a figure of $2,500. Further, there is no financial statement from Dana in the record to substantiate her inability to pay.
¶ 17. “An award of attorney’s fees should be ‘fair and should only compensate for services actually rendered after it has been determined that the legal work charged for was reasonably required and necessary.’ ” Jordan, 105 So.3d at 1135 (¶ 20) (quoting Dunn, 609 So.2d at 1286). It has long been the practice of trial courts to apply the factors in McKee v. McKee, 418 So.2d 764, 767 (Miss.1982), in awarding attorney’s fees. Although it is not necessarily reversible error for the chancellor not to make an on-the-record analysis of *82 the McKee factors,[2] without any evidence of fees in the record, we have absolutely no way of determining whether the chancellor’s award was reasonable.
¶ 18. In response to the dissenting opinion, it was not necessary for the appellant to request a reconsideration in order to preserve the matter for appeal. The case of Concannon v. Reynolds, 878 So.2d 107 (Miss.Ct.App.2003), was decided on limited facts, as were other cases cited in the dissenting opinion. These cases did not have the effect of altering Mississippi Rule of Appellate Procedure 3(a), which states:
(a) Filing the Notice of Appeal. In all cases, both civil and criminal, in which an appeal is permitted by law as of right to the Supreme Court, there shall be one procedure for perfecting such appeal. That procedure is prescribed in these rules.... [Decisions or orders in conflict with these rules shall be of no further force or effect.
The proper filing of a notice of appeal is the first step in perfecting an appeal. No request for a rehearing or request for reconsideration is necessary. The dissenting opinion also relies on Mississippi Code Annotated section 9-1-41 (Rev.2002), which states:
In any action in which a court is authorized to award reasonable attorneys’ fees, the court shall not require the parties seeking such fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court’s own opinion based on experience and observation; provided however, a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award.
¶ 19. In the present case, the chancellor made insufficient findings and there is insufficient proof in the record for this court to determine whether the chancellor’s findings were fair and reasonable. Although the statute gives the court broad discretion, the award of attorney’s fees cannot be upheld by this court unless the record supports the award. An award of attorney’s fees may be sufficient in a simple matter before the court, where the award is based on the court’s experience and observation. However, in a case of this nature, where there are many billable hours that the court is unable to observe or lacks knowledge of, it is incumbent upon the party requesting fees to place before the court evidence as to the reasonableness of the amount of the award, so that the record as a whole can support the award of attorney’s fees. Because the chancellor’s award of $2,500 is not supported by the evidence, we reverse and remand this portion of the judgment for a proper assessment of attorney’s fees.
¶ 20. THE JUDGMENT OF THE LAWRENCE COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN *83 OPINION. FAIR, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. All other issues not agreed to by the parties were referred to the chancellor for a hearing on the merits.

. See West v. West, 88 So.3d 735, 747 (¶ 57) (Miss.2012).