# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00028-COA

**SHARON E. HARRIS**                                       **APPELLANT**

**v.**

**THE NATIONAL OAK PARK HIGH SCHOOL**             **APPELLEE**
**ALUMNI ASSOCIATION, INC.**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/29/2013 |
| TRIAL JUDGE: | HON. FRANKLIN C. MCKENZIE JR. |
| COURT FROM WHICH APPEALED: | JONES COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | ANITA M. STAMPS |
| | LARRY STAMPS |
| ATTORNEY FOR APPELLEE: | M. WAYNE THOMPSON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION AND DISMISSED THE APPELLANT'S COMPLAINT WITHOUT PREJUDICE |
| DISPOSITION: | REVERSED AND REMANDED - 06/30/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., CARLTON AND FAIR, JJ.

### CARLTON, J., FOR THE COURT:

¶1. Sharon Harris appeals the Jones County Chancery Court's order denying her request for a temporary restraining order (TRO) and a preliminary injunction and dismissing her complaint against the National Oak Park High School Alumni Association (NOPHSAA). Harris asserts that the chancellor erroneously dismissed her complaint for the following reasons: (1) the board of directors (the Board) lacked authority to remove her as president; and (2) the Board lacked the number of valid affirmative votes necessary to remove her as

president.

¶2.     Because the evidence in the record fails to support the dismissal of Harris's complaint and the denial of her requested relief, we reverse the chancellor's judgment and remand this case to the chancery court for further factual findings consistent with this opinion.[1]

**FACTS**

¶3.     On July 3, 2012, a majority of NOPHSAA's members elected Harris as their new president during the business session of NOPHSAA's annual meeting. On May 18, 2013, Harris received a phone call informing her that NOPHSAA's Board impeached her during its meeting earlier that morning. According to Harris's brief, the Board's meeting was initially scheduled for May 25, 2013, but was then changed to May 18, 2013. Due to a previously scheduled commitment in Houston, Texas, Harris was unable to attend the rescheduled meeting.

¶4.     On June 4, 2013, Harris received correspondence from Lula Cooley, NOPHSAA's executive director, informing Harris that the Board removed her as president for violating NOPHSAA's bylaws. On August 28, 2013, Harris filed a complaint against NOPHSAA, requesting specific performance, a TRO, a preliminary injunction, and other relief. Harris asserted in her complaint that the Board removed her as president without affording her the due process required by the corporation's bylaws. She further asserted that the Board voted to impeach her even though its actions directly violated NOPHSAA's bylaws, it lacked the

---

[1] *See His Way Inc. v. McMillin*, 909 So. 2d 738, 743 (¶12) (Miss. Ct. App. 2005) (stating that whether the chancellor erred by finding the proof failed to establish a claim for injunctive relief is a question of fact).

legal authority to take such action, and it lacked the quorum necessary to validly vote on the issue of her removal. Harris requested that, except as provided in NOPHSAA's bylaws, the chancellor prevent the Board from engaging in any further action to remove her as president.

¶5. After reviewing the pleadings and the legal memoranda submitted by the parties, the chancellor found no validity to Harris's assertion that the Board wrongfully removed her from office because only the organization's national membership possessed such authority. Relying on Mississippi statutory law, the chancellor stated:

> Mississippi Code [Annotated] [s]ection 79-11-277(2) [(Rev. 2013)] authorizes a board of directors for a Mississippi [nonprofit] corporation to remove any officer at any time with or without cause. Furthermore, [Mississippi Code Annotated] [s]ection 79-11-145(2) [(Rev. 2013)] . . . prohibits a [nonprofit] corporation from adopting bylaws [that] are inconsistent with the authority granted by state law. For these reasons, [Harris's] relief is not granted.

¶6. The chancellor therefore denied Harris's request for a TRO and a preliminary injunction and dismissed Harris's other claims. Aggrieved by the chancellor's ruling, Harris filed a timely appeal to this Court on December 2, 2013.

¶7. On September 24, 2014, Harris filed a motion to supplement the record with NOPHSAA's bylaws and Robert's Rules of Order.[2] Harris's motion stated that the parties' attorneys referenced these documents in chancery court but then failed to include them in the record on appeal. In response to Harris's motion, the Mississippi Supreme Court remanded the matter to chancery court for the limited purpose of determining whether the documents were indeed before the chancellor. On remand, the chancellor entered an order granting

---

[2] Robert's Rules of Order refers to a book that sets forth general parliamentary rules and procedures for organizations to follow when conducting meetings.

3

Harris's motion to supplement the record with both the bylaws and Robert's Rules of Order. However, the record on appeal reflects that Harris supplemented the record with bylaws for Illinois rather than Mississippi and with an edition of Robert's Rules of Order that is different from the edition referenced in the bylaws.

## STANDARD OF REVIEW

¶8. Whether the chancellor erred by finding that Harris's proof failed to establish a successful claim for injunctive relief is a question of fact. *See His Way Inc. v. McMillin*, 909 So. 2d 738, 743 (¶12) (Miss. Ct. App. 2005). When a chancellor's findings of fact are supported by substantial evidence, this Court will not disturb the chancellor's factual findings unless the chancellor abused his discretion, was manifestly wrong, was clearly erroneous, or applied an erroneous legal standard. *Biglane v. Under the Hill Corp.*, 949 So. 2d 9, 13-14 (¶17) (Miss. 2007).

## DISCUSSION

¶9. Harris contends that the chancellor erroneously dismissed her complaint and denied her requested relief. According to Harris's argument, the Board's attempt to remove her as president was invalid because the Board's vote failed to follow the due-process requirements afforded by NOPHSAA's bylaws and Robert's Rules of Order. Harris asserts that the Board lacked authority to remove her as president because only NOPHSAA's members, who elected her during the organization's annual meeting, possessed such authority. Although Harris admits that NOPHSAA's bylaws are silent on the removal of a national officer, she contends that NOPHSAA's bylaws expressly defer to Robert's Rules of Order in such

4

circumstances.

¶10. In addressing this assignment of error, we acknowledge that Mississippi statutory law authorizes a board of directors to remove any officer at any time with or without cause. *See* Miss. Code Ann. § 79-11-277(2). Even so, questions remain in this case as to whether the Board's meeting was valid and complied with NOPSHAA's bylaws and whether the Board members who voted were eligible to do so according to the applicable bylaws.[3] Due to the record's silence on these issues, the following questions must be answered before we can determine the validity of the Board's vote to dismiss Harris: (1) whether NOPHSAA's bylaws authorized the Board to conduct a meeting by telephone or teleconference; (2) whether the Board's vote satisfied the bylaws' requirements for voting eligibility; and (3) whether a quorum existed for the Board's meeting and related vote.

¶11. Harris argues that the Board lacked the number of valid affirmative votes necessary to possess a quorum and to remove her as president. In her brief, Harris asserts:

> For the vote of [i]mpeachment . . . , six members of the [B]oard were actually present to count toward[] [a] quorum. [NOPHSAA]'s bylaws expressly state members are required to be "present" for [a] quorum. One member was inactive for failure to pay dues and therefore cannot be counted toward [a] quorum as an active present member.

> Additionally, members not actually present, but who cast[] a vote via telephone[,] cannot be considered in the quorum because the bylaws expressly state members are required to be present to be considered for [the] quorum.

> . . . .

> Seven of the votes considered [were] from members not present but gathered

---

[3] We acknowledge that the Illinois bylaws provided by Harris contain no provision for Board meetings or votes conducted by telephone or teleconference.

5

over the telephone. Since the governing bylaws expressly state a motion can only be approved by the members establishing [a] quorum who are actually present, the votes accumulated via telephone [were] invalid and [could not] be considered for [a] quorum.

¶12. As previously acknowledged, this Court will not disturb a chancellor's findings of fact where they are supported by substantial evidence in the record. *Biglane*, 949 So. 2d at 13-14 (¶17). However, as we explained, the record in this case contains no Mississippi bylaws for NOPHSAA that would enable this Court to review the validity of the Board's actions or the procedures it used during the vote to dismiss Harris. In addition, the chancellor provided no factual findings for appellate review.

¶13. On appeal, Harris contends that NOPHSAA's bylaws and Robert's Rules of Order, as incorporated by reference in the bylaws, set forth authorized voting procedures and establish the requirements for voting eligibility for a nonprofit organization incorporated in Mississippi. However, the record lacks evidence that would allow this Court to review Harris's claims. As discussed, the record contains bylaws for a nonprofit corporation organized in Illinois rather than in Mississippi.[4] Also, although the record reflects that the Illinois bylaws incorporate by reference the newly revised edition of Robert's Rules of Order, Harris provided this Court with the second edition of Robert's Rules of Order rather than the newly revised edition. As a result, the record contains no factual findings or supporting

---

[4] The bylaws provided by Harris state that NOPHSAA is a nonprofit corporation "organized under the laws of the State of Illinois on May 3, 1979." The parties and the chancellor agree that NOPHSAA is a duly licensed nonprofit corporation incorporated and doing business in Mississippi. The record shows that Cooley, as NOPHSAA's executive director, serves as NOPHSAA's registered agent for service of process in Mississippi. However, the record contains no further documentation that reflects NOPHSAA's incorporation in Mississippi.

evidence to assist this Court in reviewing the validity of either the Board's action or the chancellor's dismissal of Harris's complaint and denial of her requested relief.

¶14.  The record on appeal fails to reflect what NOPHSAA's Mississippi bylaws require regarding a quorum, voting-eligibility requirements, the Board's meeting procedures, and the validity of telephonic meetings and telephonic voting.  Accordingly, we must remand this case for the chancellor to provide findings as to whether the Board followed applicable bylaw requirements for a quorum, meetings, and voting when the Board voted to dismiss Harris in a meeting where some members attended and voted by telephone.[5]

**CONCLUSION**

¶15.  Although Mississippi statutory law allows a board to remove officers, the record in this case fails to show whether the action taken by NOPHSAA's Board constituted a valid action in accordance with the applicable bylaws.  Because we find the record fails to contain substantial evidence to support the chancellor's dismissal of Harris's complaint and his denial of Harris's requested relief, we reverse the chancellor's judgment and remand this case for further proceedings consistent with this opinion.

¶16.  **THE JUDGMENT OF THE JONES COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

     **LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. GRIFFIS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

---

[5] *See Speights v. Speights*, 126 So. 3d 76, 82 (¶19) (Miss. Ct. App. 2013) (reversing and remanding on the issue of attorney's fees due to the chancellor's insufficient findings).